Javon Damonte DANIELS, Appellant,

v.

The STATE of Texas, Appellee.

No. 14–00–00198–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Oct. 19, 2001.

Discretionary Review Refused
March 6, 2002.

R. Scott Shearer, Houston, for appellants.

Carol M. Cameron, Houston, for appellees.

Panel consists of Justices ANDERSON, HUDSON, and SEYMORE.
(ANDERSON, Jr. dissenting).

## CORRECTED MAJORITY OPINION

SEYMORE, Justice.

The Court's opinion of July 19, 2001 is withdrawn, and this opinion is issued in its place.

Appellant, Javon Daniels, entered a plea of guilty for the felony offense of aggravated robbery. *See* TEX.PEN.CODE ANN. § 29.03 (Vernon 1994). The court deferred adjudication of appellant's guilt and sentenced him to ten years' community supervision and a $1,000 fine. Subsequently, the court adjudicated appellant's guilt and sentenced him to ten years' confinement in the Institutional Division of the Texas Department of Criminal Justice. In a single issue, appellant contends the trial court erred by failing or refusing to grant a hearing on his motion for new trial. Having found that the trial court abused its discretion in denying a hearing, we order abatement of this appeal and remand with instruction for the court below to conduct an evidentiary hearing on appellant's motion for new trial.

### I. BACKGROUND

Following the trial court's decision to grant deferred adjudication, appellant was arrested for possession of cocaine. Consequently, the State filed a motion to adjudicate appellant's guilt, alleging that he violated terms and conditions of probation. During a hearing, appellant entered a plea of true to the State's motion to adjudicate guilt. Following sentencing, appellant filed a motion for new trial. The trial court failed or refused to conduct a hearing on appellant's motion. Subsequently, the motion was overruled by operation of law.

### II. DENIAL OF HEARING; MOTION FOR NEW TRIAL

In a single issue for review, appellant argues that the trial court abused its discretion by failing to grant a hearing on his motion for new trial. Specifically, appellant argues that his motion raised three matters not determinable from the record:

(1) trial counsel was ineffective by informing him of an incorrect punishment range; (2) trial counsel was ineffective by promising bail, where none was permitted by law; and (3) his plea was involuntary. Appellant contends the trial court erred because a hearing is mandatory when matters in question are not discernable from the record.

### III. JURISDICTION

■ The State contends we have no jurisdiction because "an appeal may not be taken from the trial court's determination to proceed with an adjudication of guilt." *See* TEX.CODE CRIM.PROC.ANN. art. 42.12, § 5(b) (Vernon Supp.2001) (providing "The defendant is entitled to a hearing limited to the determination by the court of whether it proceeds with an adjudication of guilt on the original charge. No appeal may be taken from this determination."). This is a correct statement of the law; however, it does not apply to deprive us of jurisdiction in this case. Although the substance of appellant's motion for new trial involved claims arising from the determination to adjudicate, the issue he presents—that the trial court erred in failing to hold a hearing on his motion for new trial—does not arise from the determination to adjudicate guilt. *See Amaro v. State*, 970 S.W.2d 172, 173 (Tex.App.—Fort Worth 1998, no pet.); art. 42.12, § 5(b) ("After an adjudication of guilt, all proceedings, including assessment of punishment, pronouncement of sentence, granting of community supervision, and defendant's appeal continue as if the adjudication of guilt had not been deferred."). A motion for new trial is a post-adjudication proceeding; therefore, article 42.12, section 5(b) does not preclude our review of appellant's claim. *See Jones v. State*, 39 S.W.3d 691, 692–93 (Tex.App.—Corpus Christi 2001, no pet. h.). Accordingly, we will address this point on its merits. *See*

*Amaro*, 970 S.W.2d at 173 (holding that a motion for new trial is reviewable, notwithstanding the fact that it addresses issues arising from the determination to adjudicate); *Keller v. State*, 854 S.W.2d 224, 227 (Tex.App.—Beaumont 1993, pet. ref'd) (addressing claim that trial court erred by failing to grant a motion for new trial concerning probation revocation despite state's argument that reviewing court had no jurisdiction under article 42.12).

### IV. MOTION FOR NEW TRIAL

■ Appellant's motion for new trial was timely filed within thirty days after the trial court's judgment. *See* Tex. R.App.P. 21.4(a). However, mere filing of the motion does not fulfill the presentment requirement. *See* TEX.R.APP.P. 21.6; *Carranza v. State*, 960 S.W.2d 76, 79 (Tex. Crim.App.1998). Our review of the record reflects a docket entry dated November 29, 1999, which was written as follows: "Motion For New Trial was presented to the Court." Accordingly, we find that the trial court had actual knowledge of the motion within ten days from the date it was filed; therefore, appellant fulfilled his obligation under Rule 21.6. *See Carranza*, 960 S.W.2d 76 at 78–79; *see also Butler v. Texas*, 6 S.W.3d 636, 640–641 (Tex.App.—Houston [1st Dist.] 1999, pet. filed). The motion was overruled by operation of law. *See* TEX.R.APP.P. 28.1(c).

■ Appellant contends the trial court abused its discretion by failing or refusing to timely schedule a hearing. We review a trial court's denial of a hearing on a motion for new trial for an abuse of discretion. *State v. Gonzalez*, 855 S.W.2d 692, 696 (Tex.Crim.App.1993). Under that standard, we reverse "only when the trial judge's decision was so clearly wrong as to lie outside that zone within which reasonable persons might disagree." *Id.* at 695

n. 4. We may not substitute our judgment for that of the trial court, but rather must decide whether the trial court's decision was arbitrary or unreasonable. *Id.*

The purpose of a hearing on a motion for new trial is for a defendant to develop the issues raised in the motion. *Jordan v. State,* 883 S.W.2d 664, 665 (Tex. Crim.App.1994). When a motion for new trial presents matters that are not determinable from the record, the trial court abuses its discretion by failing to hold a hearing; conversely, if the motion presents matters that are determinable from the record, the trial court does not abuse its discretion by failing to conduct a hearing. *Reyes v. State,* 849 S.W.2d 812, 816 (Tex. Crim.App.1993). Nevertheless, a defendant does not have an absolute right to a hearing on a motion for new trial. *Id.* at 815. Prerequisite to a hearing, the motion for new trial must be supported by an affidavit specifically showing the truth of the grounds alleged as a basis for a new trial. *Id.* at 816. Affidavits which are conclusory in nature and unsupported by facts are not sufficient to put the trial court on notice that reasonable grounds for relief exist. *Jordan,* 883 S.W.2d at 665.

Appellant contends his motion for new trial raised the following matters not determinable from the record: "trial counsel was ineffective by informing appellant of an incorrect punishment range and promising bail upon filing of an appeal when no bail was permitted by law." We have reviewed the averments in appellant's affidavit (reproduced in the Appendix) and find that he raised reasonable grounds for relief, based on ineffective assistance of counsel, which are not determinable from the record.

In *Jordan,* the defendant's affidavit contained a list of nine reasons why trial counsel was ineffective. *Id.* The court ruled Jordan's affidavit to be "conclusory" because he did not state reasons "why trial counsel's investigation was deficient, or what further investigation would have revealed." *Id.* Here, appellant's affidavit is specific and explanatory. He described reasons why he would not have pled true to the State's allegations if trial counsel had correctly advised him regarding availability of an appeal bond. Moreover, he specifically described the consequences of his plea that he failed to appreciate. *See Watson v. State,* 37 S.W.3d 559, 561 (Tex. App.—Beaumont 2001, no pet.) We find appellant described sufficient facts to show the truth of the grounds for attacking the court's judgment. *See McIntire v. State,* 698 S.W.2d 652, 658 (Tex.Crim.App.1985).

We remand this cause to the trial court and order that court to conduct a hearing on appellant's motion for new trial. *See Trevino v. State,* 565 S.W.2d 938, 941–42 (Tex.Crim.App.1978). We set aside the notice of appeal. The effect of our order is to return appellant to that stage of the proceeding before the filing of the notice of appeal. We will issue a mandate forthwith in order that the trial court will be reinvested with the jurisdiction it lost when the appeal was perfected by the timely filing of a notice of appeal in this case. *See* TEX.R.APP.P. 25.2.

## APPENDIX

### Affidavit in Support of Motion

"I am the same JAVON DANIELS who has been convicted in cause No. 9426286. I entered a plea of true to the allegations that I did not comply with conditions of my deferred adjudication probation. I pleaded true because of incorrect information I

received from my attorney[,] Barbara Jackson. Ms. Jackson told me I could get a bond when I appealed my case. She even filed a motion to set appeal bond. Ms. Jackson told me I could get a bond because my sentence would be less than 15 years. I did not find out until later that I could not get an appeal bond. I would not have pleaded true if I had known I would have to stay in jail while my appeal was being heard. I wanted to continue working while the appeal was filed. The fact that I could get out on bond and continue with my career was one reason I decided to plead true and accept the state's ten year offer. I would not have pleaded true if I had known that I couldn't get bond on appeal. Ms. Jackson also told me that I could get sixty years on the new law violation and have it "stacked" on top of the old case. I didn't want to risk getting sixty years or more so I decided to take the ten. I didn't know that the punishment range for the new case was much less than the sixty years that Ms. Jackson told me. This was another reason I pleaded true. Additionally, Ms. Jackson told me that I would get out "early" on parole. I do not believe Ms. Jackson represented me properly. She gave me incorrect advice, which caused me to plead true. I would not have pleaded true had I been given the correct advice. I did not enter my plea knowingly, intelligently, and voluntarily."

ANDERSON, Justice, dissenting.

The right to effective assistance of counsel is guaranteed to criminal defendants by the Sixth and Fourteenth Amendments to the United States Constitution, and by Article I, Section 10 of the Texas Constitution. The standard established in *Strickland v. Washington* is utilized when testing the effectiveness of counsel's representation. 466 U.S. 668, 684, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The *Strick-*

*land* court outlined a two step analysis, in which the first prong involves the determination of whether trial counsel's performance fell below an objective standard of reasonableness under prevailing professional norms. *Id.* at 687, 104 S.Ct. 2052.

When testing a claim of ineffective assistance of counsel, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Id.* at 689, 104 S.Ct. 2052. To defeat the presumption of reasonable professional assistance, any allegation of ineffective assistance must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *McFarland v. State*, 928 S.W.2d 482, 500 (Tex.Crim.App.1996), *overruled on other grounds, Mosley v. State*, 983 S.W.2d 249, 263 (Tex.Crim.App.1998).

Where the record is silent as to why trial counsel engaged in the conduct now challenged as ineffective assistance, the record is insufficient to overcome the presumption. *Jackson v. State*, 877 S.W.2d 768, 771 (Tex.Crim.App.1994). Here, the trial court was presented with appellant's affidavit, consisting only of claims of instances of ineffective assistance. However, that affidavit does not contain appellant's trial counsel's own explanations for her actions or inactions. Thus, this court is requiring the trial court to hold a hearing on a claim of ineffective assistance of counsel despite the fact appellant fails to provide proper evidence to rebut the presumption trial counsel was functioning effectively. Because the record before this court and the court below provides no discernible explanation of the motivation behind counsel's actions—whether those actions were of strategic design or the

result of negligent conduct—I would hold appellant has failed to make the required showing of deficient performance necessary to rebut the presumption counsel's performance was within the wide range of reasonable professional assistance. *Thompson v. State,* 9 S.W.3d 808, 814 (Tex.Crim.App.1999) (holding record silent as to why trial counsel failed to object to State's persistent efforts to elicit inadmissible hearsay failed to rebut the presumption counsel made reasonable decision).

The short answer here is that the affidavit the majority holds sufficient to trigger a hearing on the question of ineffective assistance of counsel does not rise to the threshold necessary to overcome the presumption of effective assistance. The affidavit consists mostly of hearsay statements as to what trial counsel told appellant, and provides no explanation of the motivation behind trial counsel's actions. Mere allegations of ineffective assistance, without trial counsel's explanations, are insufficient for this court to conclude the presumption of effective assistance was defeated, and they are equally insufficient to permit the trial court to reach such a conclusion. Accordingly, I respectfully dissent, and would hold the trial court did not abuse its discretion by failing or refusing to hold a hearing on appellant's motion for new trial.