Smith v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-080-CR

NO. 2-03-081-CR

KENNETH RAY SMITH APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 371
ST
 DISTRICT COURT OF TARRANT COUNTY

------------

OPINION

------------

Kenneth Ray Smith appeals his convictions and sentences for aggravated sexual assault of a child and indecency with a child by contact.  In five points, appellant complains of matters related to his motion for new trial and alleged ineffective assistance of counsel.  We will affirm.

Pursuant to a plea-bargain agreement, the State waived all but one count of each indictment, and appellant entered open pleas of guilty to the remaining counts and pleas of true to the repeat offender notices.  After admonishing appellant in writing and on the record in open court, the trial court found that appellant’s pleas were free, knowing, and voluntary.  The trial court accepted appellant’s pleas on November 19, 2002 and ordered a presentence investigation (PSI) report.  On January 17, 2003, the trial court held a hearing on punishment, at which the PSI was admitted without objection.  The trial court sentenced appellant to seventy-five years’ imprisonment for each offense and, in accordance with the plea-bargain agreement, ordered that the sentences run concurrently.  

Thereafter, appellant filed a pro se motion for new trial in which he raised the following grounds:  (1) the trial court improperly failed to grant his pro se “Declaration of Conflict Between Attorney and Client”; and (2) at the punishment hearing, the prosecutor improperly argued outside the record that appellant had molested his own sister.  The motion was overruled by operation of law.  

In his fifth point, appellant 
asserts that, for the reasons stated in his declaration of conflict and the letter accompanying his motion for new trial, the trial court should have sua sponte withdrawn his guilty pleas and appointed him new trial counsel
.  
In his first point, appellant complains that the trial court abused its discretion by allowing his motion for new trial to be overruled by operation of law without a hearing.  

Once the trial court has pronounced judgment or accepted a defendant’s guilty plea and taken the case under advisement pending a PSI, whether to allow the defendant to withdraw his plea is within the trial court’s sound discretion.  
Jackson v. State,
 590 S.W.2d 514, 515 (Tex. Crim. App. [Panel Op.] 1979); 
Watson v. State,
 974 S.W.2d 763, 765 (Tex. App.—San Antonio 1998, pet. ref’d).  A trial court does not abuse its discretion unless its decision is so clearly wrong that it lies outside the zone within which reasonable persons might disagree.  
Cantu v. State,
 842 S.W.2d 667, 682 (Tex. Crim. App. 1992), 
cert. denied,
 509 U.S. 926 (1993); 
see also Watson,
 974 S.W.2d at 765 (applying “zone of reasonable disagreement” standard to trial court’s ruling on plea withdrawal request).

A defendant is not entitled to a hearing on a motion for new trial unless a sufficiently detailed, verified motion or accompanying affidavit raises matters not determinable from the record upon which the accused could be entitled to relief.  
See Wallace v. State,
 106 S.W.3d 103, 108 (Tex. Crim. App. 2003); 
Reyes v. State,
 849 S.W.2d 812, 816 (Tex. Crim. App. 1993); 
Rodriguez v. State,
 82 S.W.3d 1, 3 (Tex. App.—San Antonio 2001, pet. dism’d).  We review a trial court’s failure or refusal to hold a hearing on a motion for new trial under an abuse of discretion standard.  
Wallace,
 106 S.W.3d at 108.

In this case, appellant signed written plea admonishments in which he stated that he was “totally satisfied” with his counsel’s representation, which was “fully effective and competent.”  Further, at his plea hearing, appellant testified that he was satisfied with his attorney’s representation and that his attorney had explained to him everything he needed to know in order to make an informed decision concerning whether to plead guilty.  Appellant’s declaration of conflict is dated November 15, 2002—four days before his plea hearing—but it was not filed until nearly an hour after the hearing had ended.  The first page of the declaration is crossed out and initialed by the trial court judge with the date “11-19-02.”  In the letter accompanying his motion for new trial, appellant states that he mailed the declaration of conflict on November 14, 2002.
(footnote: 1)  

Based on this record, we hold that the trial court did not abuse its discretion by failing to sua sponte withdraw appellant’s guilty pleas and appoint new counsel on November 19, 2002.  Appellant had not sought to withdraw his pleas,
(footnote: 2) and the trial court could have reasonably concluded that appellant decided between the time he mailed the letter on November 14 or 15 and the plea hearing on November 19 that he was satisfied with his attorney’s representation after all.  Likewise, the trial court did not abuse its discretion by failing to withdraw appellant’s pleas upon receipt of the motion for new trial.  The trial court could have reasonably concluded that appellant’s complaints in his motion for new trial and the accompanying letter, filed nearly three months after his pleas were entered, were merely the result of remorse based on hindsight and a seventy-five-year sentence.
(footnote: 3)  Further, the trial court appointed appellate counsel once the motion for new trial was filed.

For these same reasons, the trial court properly concluded that appellant’s complaint in his motion for new trial based on the declaration of conflict was determinable from the record.
(footnote: 4)  In addition, appellant’s ground for new trial based on the prosecutor’s argument concerning appellant’s molestation of his sister is also determinable from the record.  Appellant did not object to the argument when it was made; therefore, the trial court could have reasonably determined that the complaint was waived.  
See
 
Tex. R. App. P.
 33.1(a)(1); 
see also Mathis v. State,
 67 S.W.3d 918, 927 (Tex. Crim. App. 2002) (holding that complaint about alleged improper jury argument is waived where defendant did not object and pursue objection to adverse trial court ruling).  Accordingly, the trial court did not abuse its discretion by allowing appellant’s motion for new trial to be overruled by operation of law without a hearing.  We overrule appellant’s first and fifth points.

In his second point, appellant asserts that the trial court abused its discretion by failing to appoint and notify appellate counsel in time for appellate counsel to file a motion for new trial.  Following sentencing, when trial counsel does not withdraw and is not replaced by new counsel, a rebuttable presumption exists that trial counsel continues to effectively represent the defendant during the time for filing a motion for new trial.  
Smith v. State,
 17 S.W.3d 660, 662 (Tex. Crim. App. 2000); 
Oldham v. State,
 977 S.W.2d 354, 363 (Tex. Crim. App. 1998) (op. on reh’g), 
cert. denied,
 525 U.S. 1181 (1999); 
Kane v. State,
 80 S.W.3d 693, 695
 (Tex. App.—Fort Worth 2002, pet. ref’d)
.  Here, the record reflects that appellant was represented by appointed counsel through sentencing on January 17, 2003.  Once the trial court imposed appellant’s sentences, the trial court informed him of his right to file a motion for new trial within thirty days and his right to court-appointed counsel.  The trial court also instructed appellant’s trial counsel to explain to appellant his right of appeal.  

The record does not rebut the presumption that trial counsel continued to effectively represent appellant during the time for filing a motion for new trial.  Appointed trial counsel did not withdraw, and there is no evidence that trial counsel thought his duties had ended or failed to comply with the trial court’s instructions to explain to appellant his appeal rights.  Appellant’s pro se notice of appeal and motion for new trial were timely; they were mailed to the trial court on Friday, February 14, 2003, the twenty-eighth 
day after his sentences were imposed.  Therefore, we presume that appellant was adequately counseled.  
See Oldham,
 977 S.W.2d at 363 (presuming continued effective representation because filing of pro se notice of appeal was evidence that appellant had been informed of at least some of her appellate rights).  Even appellant’s unverified letter accompanying the notice of appeal and motion for new trial—which complains of many things—does not complain of counsel’s alleged inaction after sentences were imposed.  

Nor does the record show that the trial court abused its discretion by failing to appoint appellate counsel until February 28.  The trial court received appellant’s notice of appeal and motion for new trial on February 19—two days after the thirty-day deadline for filing a motion for new trial had passed
(footnote: 5)—and appointed appellate counsel nine days later, on February 28.  Even if the trial court had appointed appellate counsel on the date it received the documents, it would have been too late for appointed counsel to file a motion for new trial or amend appellant’s motion.  
See
 
Tex. R. App. P.
 21.4(a), (b) (providing that motion for new trial must be filed or amended no later than thirty days after trial court imposes sentence in open court).  Accordingly, for all of these reasons, we overrule appellant’s second point.

In his third and fourth points, appellant complains that his trial counsel’s ineffectiveness rendered his open guilty pleas involuntary, denied him due process of law, and subjected him to more harsh punishments than he would have received had counsel been effective.  Appellant asserts that his trial counsel was ineffective for failing to provide any post-sentencing representation, such as filing a motion for new trial or notice of appeal, and for failing to withdraw and have other counsel substituted for him during the motion for new trial stage in the proceedings.  Appellant also asserts that trial counsel was ineffective for failing to object to unspecified improper evidence at the punishment phase of trial.  

We apply a two-pronged test to ineffective assistance of counsel claims.  
Strickland v. Washington
, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); 
Thompson v. State
, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).  First, appellant must show that his counsel’s performance was deficient; second, appellant must show the deficient performance prejudiced the defense.  
Strickland
, 466 U.S. at 687, 104 S. Ct. at 2064; 
Hernandez v. State
, 988 S.W.2d 770, 770 (Tex. Crim. App. 1999).  Ordinarily, trial counsel should be afforded an opportunity to explain his actions before being denounced as ineffective.  
Rylander v. State,
 101 S.W.3d 107, 111 (Tex. Crim. App. 2003).  An allegation of ineffective assistance must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness.  
Thompson
, 9 S.W.3d at 814.  Thus, the record on direct appeal is usually insufficient to establish the first prong of the 
Strickland
 test because the reasonableness of counsel’s choices often involves facts that do not appear in the appellate record.  
Rylander,
 101 S.W.3d at 110; 
Mitchell v. State,
 68 S.W.3d 640, 642 (Tex. Crim. App. 2002).  An application for a writ of habeas corpus is the more appropriate vehicle to raise ineffective assistance of counsel claims.  
Mitchell,
 68 S.W.3d at 642.

In this case, appellant’s ineffective assistance complaint was not raised in the trial court; therefore, the record on direct appeal is undeveloped and does not adequately reflect the motives behind trial counsel’s actions.  Further, as we have discussed, the record does not rebut the presumption that trial counsel continued to effectively represent appellant until appellate counsel was appointed.  We cannot conclude based on the undeveloped record that trial counsel’s performance fell below the standard of reasonableness set out in 
Strickland.
  Accordingly, we overrule appellant’s third and fourth points.
(footnote: 6)
 Having overruled all of appellant’s points on appeal, we affirm the trial court’s judgments.

PER CURIAM

PANEL F: CAYCE, C.J.; DAUPHINOT and HOLMAN, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: March 25, 2004

FOOTNOTES
1:
Although the letter is not sworn or verified, we will accept this statement as true for purposes of this appeal.

2:
Appellant never formally moved to withdraw his pleas, but seems to equate his motion for new trial with a plea withdrawal request.  

3:
Appellant has waived his complaint that the trial court should have granted him a new trial hearing to develop his claim that trial counsel’s ineffectiveness rendered his guilty pleas involuntary.  Appellant did not raise this ground in his motion for new trial; therefore, he cannot assert it on appeal as a basis for trial court error.  
See
 
Tex. R. App. P.
 33.1(a); 
see also Bell v. State
, 
938 S.W.2d 35, 54 (Tex. Crim. App. 1996) (holding that trial objection stating one legal basis may not be used to support a different theory on appeal), 
cert. denied,
 522 U.S. 827 (1997).

4:
The State’s contention that appellant procedurally defaulted on his complaint about the lack of a hearing because he never presented his new trial motion to the trial court is without merit.  A motion for new trial is properly presented if the trial court has actual notice of it within ten days from the date it was filed.  
Tex. R. App. P.
 21.6; 
Carranza v. State,
 960 S.W.2d 76, 79-80 & n.6 (Tex. Crim. App. 1998); 
Daniels v. State,
 63 S.W.3d 67, 69 (Tex. App.—Houston [14
th
 Dist.] 2001, pet. ref’d); 
Coronado v. State,
 25 S.W.3d 806, 810 (Tex. App.—Waco 2000, pet. ref’d).  Here, the letter accompanying appellant’s motion for new trial contains the notation “presented to court.”  Thus, appellant satisfied the presentment requirement.

5:
Although the trial court did not receive appellant’s motion for new trial until the thirty-third day after sentences were imposed, the motion was timely under the mailbox rule.  
See
 
Tex. R. App. P.
 9.2(b), 21.4(a).

6:
Appellant’s contention that we should consider whether trial counsel’s alleged errors deprived him of due process, regardless of whether counsel’s performance was effective under 
Strickland,
 is waived because appellant does not cite any relevant legal authority to support it.  
See
 
Tex. R. App. P.
 38.1(h); 
Salazar v. State,
 38 S.W.3d 141, 147 (Tex. Crim. App.), 
cert. denied,
 534 U.S. 855 (2001); 
Emery v. State,
 881 S.W.2d 702, 707 n.8 (Tex. Crim. App. 1994), 
cert. denied,
 513 U.S. 1992 (1995).