COURT OF APPEALS
SECOND 
DISTRICT OF TEXAS
FORT 
WORTH
 
NO. 2-03-080-CR
NO. 2-03-081-CR

  
KENNETH 
RAY SMITH                                                            APPELLANT

  
V.

  
THE 
STATE OF TEXAS                                                                  STATE

  
------------
 
FROM 
THE 371ST DISTRICT COURT OF TARRANT COUNTY
 
------------
 
OPINION
 
------------
        Kenneth 
Ray Smith appeals his convictions and sentences for aggravated sexual assault of 
a child and indecency with a child by contact. In five points, appellant 
complains of matters related to his motion for new trial and alleged ineffective 
assistance of counsel. We will affirm.
        Pursuant 
to a plea-bargain agreement, the State waived all but one count of each 
indictment, and appellant entered open pleas of guilty to the remaining counts 
and pleas of true to the repeat offender notices. After admonishing appellant in 
writing and on the record in open court, the trial court found that 
appellant’s pleas were free, knowing, and voluntary. The trial court accepted 
appellant’s pleas on November 19, 2002 and ordered a presentence investigation 
(PSI) report. On January 17, 2003, the trial court held a hearing on punishment, 
at which the PSI was admitted without objection. The trial court sentenced 
appellant to seventy-five years’ imprisonment for each offense and, in 
accordance with the plea-bargain agreement, ordered that the sentences run 
concurrently.
        Thereafter, 
appellant filed a pro se motion for new trial in which he raised the following 
grounds: (1) the trial court improperly failed to grant his pro se 
“Declaration of Conflict Between Attorney and Client”; and (2) at the 
punishment hearing, the prosecutor improperly argued outside the record that 
appellant had molested his own sister. The motion was overruled by operation of 
law.
        In 
his fifth point, appellant asserts that, for the reasons stated in his 
declaration of conflict and the letter accompanying his motion for new trial, 
the trial court should have sua sponte withdrawn his guilty pleas and appointed 
him new trial counsel. In his first point, appellant complains that the trial 
court abused its discretion by allowing his motion for new trial to be overruled 
by operation of law without a hearing.
        Once 
the trial court has pronounced judgment or accepted a defendant’s guilty plea 
and taken the case under advisement pending a PSI, whether to allow the 
defendant to withdraw his plea is within the trial court’s sound discretion. Jackson 
v. State, 590 S.W.2d 514, 515 (Tex. Crim. App. [Panel Op.] 1979); Watson 
v. State, 974 S.W.2d 763, 765 (Tex. App.—San Antonio 1998, pet. ref’d). 
A trial court does not abuse its discretion unless its decision is so clearly 
wrong that it lies outside the zone within which reasonable persons might 
disagree. Cantu v. State, 842 S.W.2d 667, 682 (Tex. Crim. App. 1992), cert. 
denied, 509 U.S. 926 (1993); see also Watson, 974 S.W.2d at 765 
(applying “zone of reasonable disagreement” standard to trial court’s 
ruling on plea withdrawal request).
        A 
defendant is not entitled to a hearing on a motion for new trial unless a 
sufficiently detailed, verified motion or accompanying affidavit raises matters 
not determinable from the record upon which the accused could be entitled to 
relief. See Wallace v. State, 106 S.W.3d 103, 108 (Tex. Crim. App. 2003); 
Reyes v. State, 849 S.W.2d 812, 816 (Tex. Crim. App. 1993); Rodriguez 
v. State, 82 S.W.3d 1, 3 (Tex. App.—San Antonio 2001, pet. dism’d). We 
review a trial court’s failure or refusal to hold a hearing on a motion for 
new trial under an abuse of discretion standard. Wallace, 106 S.W.3d at 
108.
        In 
this case, appellant signed written plea admonishments in which he stated that 
he was “totally satisfied” with his counsel’s representation, which was 
“fully effective and competent.” Further, at his plea hearing, appellant 
testified that he was satisfied with his attorney’s representation and that 
his attorney had explained to him everything he needed to know in order to make 
an informed decision concerning whether to plead guilty. Appellant’s 
declaration of conflict is dated November 15, 2002—four days before his plea 
hearing—but it was not filed until nearly an hour after the hearing had ended. 
The first page of the declaration is crossed out and initialed by the trial 
court judge with the date “11-19-02.” In the letter accompanying his motion 
for new trial, appellant states that he mailed the declaration of conflict on 
November 14, 2002.[1]
        Based 
on this record, we hold that the trial court did not abuse its discretion by 
failing to sua sponte withdraw appellant’s guilty pleas and appoint new 
counsel on November 19, 2002. Appellant had not sought to withdraw his pleas,[2] and the trial court could have reasonably concluded that 
appellant decided between the time he mailed the letter on November 14 or 15 and 
the plea hearing on November 19 that he was satisfied with his attorney’s 
representation after all.  Likewise, the trial court did not abuse its 
discretion by failing to withdraw appellant’s pleas upon receipt of the motion 
for new trial. The trial court could have reasonably concluded that 
appellant’s complaints in his motion for new trial and the accompanying 
letter, filed nearly three months after his pleas were entered, were merely the 
result of remorse based on hindsight and a seventy-five-year sentence.[3]  Further, the trial court appointed appellate counsel 
once the motion for new trial was filed.
        For 
these same reasons, the trial court properly concluded that appellant’s 
complaint in his motion for new trial based on the declaration of conflict was 
determinable from the record.[4]  In addition, 
appellant’s ground for new trial based on the prosecutor’s argument 
concerning appellant’s molestation of his sister is also determinable from the 
record. Appellant did not object to the argument when it was made; therefore, 
the trial court could have reasonably determined that the complaint was waived. See 
Tex. R. App. P. 33.1(a)(1); see also Mathis v. 
State, 67 S.W.3d 918, 927 (Tex. Crim. App. 2002) (holding that complaint 
about alleged improper jury argument is waived where defendant did not object 
and pursue objection to adverse trial court ruling). Accordingly, the trial 
court did not abuse its discretion by allowing appellant’s motion for new 
trial to be overruled by operation of law without a hearing. We overrule 
appellant’s first and fifth points.
        In 
his second point, appellant asserts that the trial court abused its discretion 
by failing to appoint and notify appellate counsel in time for appellate counsel 
to file a motion for new trial. Following sentencing, when trial counsel does 
not withdraw and is not replaced by new counsel, a rebuttable presumption exists 
that trial counsel continues to effectively represent the defendant during the 
time for filing a motion for new trial. Smith v. State, 17 S.W.3d 660, 
662 (Tex. Crim. App. 2000); Oldham v. State, 977 S.W.2d 354, 363 (Tex. 
Crim. App. 1998) (op. on reh’g), cert. denied, 525 U.S. 1181 (1999); Kane 
v. State, 80 S.W.3d 693, 695 (Tex. App.—Fort Worth 2002, pet. ref’d). 
Here, the record reflects that appellant was represented by appointed counsel 
through sentencing on January 17, 2003. Once the trial court imposed 
appellant’s sentences, the trial court informed him of his right to file a 
motion for new trial within thirty days and his right to court-appointed 
counsel. The trial court also instructed appellant’s trial counsel to explain 
to appellant his right of appeal.
        The 
record does not rebut the presumption that trial counsel continued to 
effectively represent appellant during the time for filing a motion for new 
trial. Appointed trial counsel did not withdraw, and there is no evidence that 
trial counsel thought his duties had ended or failed to comply with the trial 
court’s instructions to explain to appellant his appeal rights. Appellant’s 
pro se notice of appeal and motion for new trial were timely; they were mailed 
to the trial court on Friday, February 14, 2003, the twenty-eighth day after his 
sentences were imposed. Therefore, we presume that appellant was adequately 
counseled. See Oldham, 977 S.W.2d at 363 (presuming continued effective 
representation because filing of pro se notice of appeal was evidence that 
appellant had been informed of at least some of her appellate rights). Even 
appellant’s unverified letter accompanying the notice of appeal and motion for 
new trial—which complains of many things—does not complain of counsel’s 
alleged inaction after sentences were imposed.
        Nor 
does the record show that the trial court abused its discretion by failing to 
appoint appellate counsel until February 28. The trial court received 
appellant’s notice of appeal and motion for new trial on February 19—two 
days after the thirty-day deadline for filing a motion for new trial had passed[5] —and appointed appellate counsel nine 
days later, on February 28.  Even if the trial court had appointed 
appellate counsel on the date it received the documents, it would have been too 
late for appointed counsel to file a motion for new trial or amend appellant’s 
motion. See Tex. R. App. P. 21.4(a), (b) (providing that motion 
for new trial must be filed or amended no later than thirty days after trial 
court imposes sentence in open court).  Accordingly, for all of these 
reasons, we overrule appellant’s second point.
        In 
his third and fourth points, appellant complains that his trial counsel’s 
ineffectiveness rendered his open guilty pleas involuntary, denied him due 
process of law, and subjected him to more harsh punishments than he would have 
received had counsel been effective. Appellant asserts that his trial counsel 
was ineffective for failing to provide any post-sentencing representation, such 
as filing a motion for new trial or notice of appeal, and for failing to 
withdraw and have other counsel substituted for him during the motion for new 
trial stage in the proceedings. Appellant also asserts that trial counsel was 
ineffective for failing to object to unspecified improper evidence at the 
punishment phase of trial.
        We 
apply a two-pronged test to ineffective assistance of counsel claims. Strickland 
v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); Thompson 
v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). First, appellant must 
show that his counsel’s performance was deficient; second, appellant must show 
the deficient performance prejudiced the defense. Strickland, 466 U.S. at 
687, 104 S. Ct. at 2064; Hernandez v. State, 988 S.W.2d 770, 770 (Tex. 
Crim. App. 1999). Ordinarily, trial counsel should be afforded an opportunity to 
explain his actions before being denounced as ineffective. Rylander v. State, 
101 S.W.3d 107, 111 (Tex. Crim. App. 2003). An allegation of ineffective 
assistance must be firmly founded in the record, and the record must 
affirmatively demonstrate the alleged ineffectiveness. Thompson, 9 S.W.3d 
at 814. Thus, the record on direct appeal is usually insufficient to establish 
the first prong of the Strickland test because the reasonableness of 
counsel’s choices often involves facts that do not appear in the appellate 
record. Rylander, 101 S.W.3d at 110; Mitchell v. State, 68 S.W.3d 
640, 642 (Tex. Crim. App. 2002). An application for a writ of habeas corpus is 
the more appropriate vehicle to raise ineffective assistance of counsel claims. Mitchell, 
68 S.W.3d at 642.
        In 
this case, appellant’s ineffective assistance complaint was not raised in the 
trial court; therefore, the record on direct appeal is undeveloped and does not 
adequately reflect the motives behind trial counsel’s actions. Further, as we 
have discussed, the record does not rebut the presumption that trial counsel 
continued to effectively represent appellant until appellate counsel was 
appointed. We cannot conclude based on the undeveloped record that trial 
counsel’s performance fell below the standard of reasonableness set out in Strickland. 
Accordingly, we overrule appellant’s third and fourth points.[6]
        Having 
overruled all of appellant’s points on appeal, we affirm the trial court’s 
judgments.
 
  
                                                                  PER 
CURIAM

  
PANEL 
F:   CAYCE, C.J.; DAUPHINOT and HOLMAN, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
March 25, 2004
 


NOTES
1.  
Although the letter is not sworn or verified, we will accept this statement as 
true for purposes of this appeal.
2.  
Appellant never formally moved to withdraw his pleas, but seems to equate his 
motion for new trial with a plea withdrawal request.
3.  
Appellant has waived his complaint that the trial court should have granted him 
a new trial hearing to develop his claim that trial counsel’s ineffectiveness 
rendered his guilty pleas involuntary. Appellant did not raise this ground in 
his motion for new trial; therefore, he cannot assert it on appeal as a basis 
for trial court error. See Tex. R. 
App. P. 33.1(a); see also Bell v. State, 938 S.W.2d 35, 54 (Tex. 
Crim. App. 1996) (holding that trial objection stating one legal basis may not 
be used to support a different theory on appeal), cert. denied, 522 U.S. 
827 (1997).
4.  
The State’s contention that appellant procedurally defaulted on his complaint 
about the lack of a hearing because he never presented his new trial motion to 
the trial court is without merit. A motion for new trial is properly presented 
if the trial court has actual notice of it within ten days from the date it was 
filed. Tex. R. App. P. 21.6; Carranza 
v. State, 960 S.W.2d 76, 79-80 & n.6 (Tex. Crim. App. 1998); Daniels 
v. State, 63 S.W.3d 67, 69 (Tex. App.—Houston [14th Dist.] 
2001, pet. ref’d); Coronado v. State, 25 S.W.3d 806, 810 (Tex. 
App.—Waco 2000, pet. ref’d). Here, the letter accompanying appellant’s 
motion for new trial contains the notation “presented to court.” Thus, 
appellant satisfied the presentment requirement.
5.  
Although the trial court did not receive appellant’s motion for new trial 
until the thirty-third day after sentences were imposed, the motion was timely 
under the mailbox rule. See Tex. 
R. App. P. 9.2(b), 21.4(a).
6.  
Appellant’s contention that we should consider whether trial counsel’s 
alleged errors deprived him of due process, regardless of whether counsel’s 
performance was effective under Strickland, is waived because appellant 
does not cite any relevant legal authority to support it. See Tex. R. App. P. 38.1(h); Salazar v. 
State, 38 S.W.3d 141, 147 (Tex. Crim. App.), cert. denied, 534 U.S. 
855 (2001); Emery v. State, 881 S.W.2d 702, 707 n.8 (Tex. Crim. App. 
1994), cert. denied, 513 U.S. 1992 (1995).