NELSON V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NOS. 2-03-172-CR

        2-03-184-CR

JASON DEMONT NELSON APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 371
ST
 DISTRICT COURT OF TARRANT COUNTY

------------

OPINION

------------

Jason Demont Nelson appeals from his conviction for aggravated sexual assault of a child and from the revocation of his deferred adjudication community supervision for the offense of burglary of a habitation.  In his sole point, appellant complains that the trial court abused its discretion by failing to conduct a hearing on his motion for a new trial.  We affirm.

Facts

The State initially charged appellant with the offense of burglary of a habitation.  In January 2001, pursuant to a plea bargain agreement, appellant pled guilty and the trial court placed him on deferred adjudication community supervision for four years.  In September 2001, the State filed a petition to proceed to adjudication of appellant’s guilt.  The petition alleged that appellant had violated the terms of his community supervision by committing  aggravated sexual assault of a child and by failing to submit to substance abuse assessments.  The State also charged appellant with the offense of aggravated sexual assault of a child.
(footnote: 1)
 On March 21, 2003, the trial court conducted a hearing on the petition to proceed to adjudication and the indictment for the sexual assault offense.  Appellant entered an open plea of guilty to the aggravated sexual assault of a child charge and executed a set of documents entitled “WRITTEN PLEA ADMONISHMENTS.”  By signing the documents, appellant waived all pretrial motions filed in the case, all rights set forth in code of criminal procedure article 1.14, and his right to confront and cross-examine witnesses.
(footnote: 2) 
 See
 
Tex. Code Crim. Proc. Ann
. art. 1.13 (Vernon Supp. 2004).  Additionally, appellant stated in the written admonishments and in open court that he was pleading guilty because he was guilty and for no other reason and that his admission of guilt was voluntary and freely given. 

After the hearing on the aggravated sexual assault charge, the trial court  conducted a hearing on the State’s petition to proceed to adjudication on the burglary offense.  Appellant pled “true” to the allegations and signed written admonishments, again waiving all pretrial motions filed in the case, all rights contained in the code of criminal procedure article 1.14, and the right to confront and cross-examine witnesses.
(footnote: 3)  Additionally, appellant expressly waived the filing of a motion for new trial in the burglary case.  He also declared that he was admitting the truth of the State’s allegations that formed the basis of the State’s petition to proceed to adjudication on the burglary offense for no other reason than that the allegations were true.
(footnote: 4)  The trial court orally admonished appellant on the range of punishment and ensured that his plea of “true” was freely and voluntarily made.  The trial court delayed sentencing appellant until after the completion of a presentence investigation report (PSI).

On May 20, 2003, the trial court conducted a sentencing hearing on both of appellant’s pleas.  Appellant confirmed that he was the same person who had pled guilty in cause number 0817660D (aggravated sexual assault) and “true” in cause number 0779706A (burglary).  The State offered the PSI report into evidence and the court admitted it.  Appellant expressly stated that he had no objection to admission of the PSI.  Moreover, appellant and the State both referred to portions of the report in their arguments. 

After arguments, the trial court found, based upon appellant’s  admission and counsels’ arguments, that appellant had violated the terms of his burglary community supervision.  The trial court sentenced him to twenty years’ imprisonment for the burglary offense.  Based upon appellant's open guilty plea in the assault case, the trial court also found appellant guilty of aggravated sexual assault of a child and sentenced him to fifty years’ imprisonment in that case.  The trial court ordered the sentences to run concurrently.  The trial court certified appellant’s right to appeal both causes.

Motion for New Trial
 

In his sole point, appellant contends that the trial court abused its discretion by failing to conduct a hearing on his motion for new trial
(footnote: 5) because a hearing is the only way appellant can develop the facts necessary to show that his plea was involuntary and entered as a result of ineffective assistance of counsel.  
Appellant brought the motion for new trial and his appeals complaining of the trial court’s failure to conduct a hearing on his motion in  both cause numbers.

Standard of Review

A defendant’s right to an evidentiary hearing on a motion for new trial is not an absolute right, and we will reverse a trial court’s failure to conduct a hearing only where the court abused its discretion.  
Reyes v. State
, 849 S.W.2d 812, 815-16 (Tex. Crim. App. 1993); 
Mallet v. State
, 9 S.W.3d 856, 867-68 (Tex. App.—Fort Worth 2000, no pet.). 
 The purpose of a hearing on a motion for new trial is to allow a defendant an opportunity to develop matters raised in his motion that are not determinable from the record and upon which the defendant could be entitled to relief.  
Wallace v. State
, 106 S.W.3d 103, 108 (Tex. Crim. App. 2003); 
Martinez v. State
, 74 S.W.3d 19, 21-22 (Tex. Crim. App. 2002)
.
  

Discussion

In his motion, appellant argued that he was entitled to a new trial on the following grounds:  (1) the sentence was illegal because, before trial, appellant requested that the State give notice of its intent to introduce evidence of extraneous offenses on the issue of penalty and failed to do so until it delivered the information to the officer preparing the PSI; and (2) the State did not prove, beyond a reasonable doubt, the information in the PSI relating to extraneous offenses and unadjudicated bad acts.
(footnote: 6)  Additionally, he alleged that the trial court should not have relied on the extraneous offenses and prior bad acts during sentencing because the State failed to comply with code of criminal procedure article 37.07. 
 Tex. Code Crim. Proc. Ann. 
art. 
 37.07 (
Vernon Supp. 
2004)
 (requiring the State to give appellant notice of its intent to present evidence of extraneous offenses and prior bad acts at trial). 

As a prerequisite to a hearing, the motion for new trial must be supported by an affidavit or sworn facts specifically showing the truth of the grounds alleged as a basis for a new trial.  
Daniels v. State
, 63 S.W.3d 67, 70 (Tex. App.—Houston [14
th
 Dist.] 2001, pet. ref’d).  Affidavits that are conclusory in nature or are unsupported by facts, are not sufficient to put the trial court on notice that reasonable grounds for relief exist.  
Jordan v. State, 
883 S.W.2d 664, 665 (Tex. Crim. App. 1994); 
Buerger v. State, 
60 S.W.3d 358, 363 (Tex. App.—Houston [14
th
 Dist.] 2001, pet. ref’d); 
Alcott v. State
, 26 S.W.3d 1, 4 (Tex. App.—Waco 1999), 
aff’d
, 51 S.W.3d 596 (Tex. Crim. App. 2001) (all holding motion for new trial affidavit insufficient to trigger hearing on defendant’s ineffective assistance of counsel allegation because they were too conclusory in nature or unsupported by facts).

A
 review of the record reveals that appellant filed no affidavits with his motion, although he had the
 motion verified. 
 See
 
Daniels
, 63 S.W.3d at 70. In addition, the facts and complaints in appellant’s motion for new trial are different from his complaints on appeal.  In his motion for new trial, appellant complained of the State’s failure to give notice of its intent to introduce evidence of extraneous offenses and unadjudicated bad acts.  
See
 
Tex. Code Crim. Proc. Ann. 
art
. 37.07. 
 On appeal, he claims that the trial court erred in denying his motion for new trial because his plea was involuntary and he received ineffective assistance of counsel.

With respect to the grounds asserted in his motion for new trial, the trial court did not err by failing to conduct a hearing.  First, appellant specifically waived his right to a new trial in the burglary cause of action.  Second, appellant failed to file any affidavits in support of his motion.   Third, appellant specifically waived his right to any pre-trial motions, which would include his right to notice of extraneous offenses or bad acts in either case.  Additionally, 
appellant expressly stated that he had no objection to the PSI report when the State presented it to the trial court. 
Therefore, to the extent appellant might be challenging the denial of the hearing on his motion for new trial on these grounds, we hold that those complaints are waived and overruled. 

On appeal, however, appellant no longer asserts that he was entitled to a new trial on either of the grounds raised in his motion.  Instead, he now asserts that his plea was involuntary, and that he received ineffective assistance of counsel, and that he was unable to present evidence on these issues because the trial court failed to hold a hearing on his motion.  Although 
it is not necessary that a defendant raise ineffective assistance and voluntariness claims at trial or in a motion for new trial in order to raise them on appeal, an objection stating one legal basis at trial may not be used to support a different legal theory on appeal.  
Robinson v. State
, 16 S.W.3d 808, 809-11 (Tex. Crim. App. 2000)
; Bell v. State
, 
938 S.W.2d 35,54 (Tex. Crim. App. 1996).
  Appellant’s complaints regarding the involuntariness of his plea and ineffective assistance of counsel were never raised in appellant’s motion for new trial in the trial court.  Because these grounds were not before the trial court when it determined not to conduct a hearing on the motion, there can be no error in the trial court’s failure to conduct a hearing on ineffective assistance of counsel and the voluntariness of appellant’s plea.  Accordingly, these points are waived.  
See
 
Tex. R. App. P.
 33.1(a).  

Finally, because appellant has abandoned the grounds raised in his motion for new trial, the record does not demonstrate that the trial court’s failure to hold a hearing, even if improper, was harmful.  
Johnson v. State
, 43 S.W.3d 1, 5 (Tex. Crim. App. 2001) (holding that appellate court assesses harm based upon review of record).
(footnote: 7)  Accordingly, appellant’s sole point of error is overruled.
(footnote: 8)
Conclusion

Having overruled appellant’s sole point of error, we affirm the trial court’s judgment in both causes.

TERRIE LIVINGSTON

JUSTICE

PANEL A: CAYCE, C.J.; LIVINGSTON and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  May 6, 2004

FOOTNOTES
1:
This is the same offense that formed the basis of one of the grounds for the State’s petition to proceed to adjudication on the burglary offense.

2:
The waiver in the aggravated sexual assault case read: 

I waive all pre-trial motions that may have been filed in connection with this case. I am totally satisfied with representation given to me by my counsel.  He/She provided fully effective and competent representation. I also waive and give up under Article 1.14, of the Criminal Code Procedure, all rights given to me by law, whether of form, substance or procedure. 

3:
The text of the waiver in the burglary case read: 

I give up and waived any right I may have to wait to prepare for hearing on the petition, I waive all pre-trial motions that may have been filed in connection with this case.  

I am totally satisfied with representation given to me by my counsel.  He provided fully effective and competent representation.  I also waive and give up under Art. 1.14 C.C.P. all rights given to me by law, whether of form, substance or procedure.  Also joined by my attorney under Art. 1.15 C.C.P., I waive and give up the right to appearance, confrontation and cross-examination of the witnesses and I consent to oral and written stipulations of evidence.  

4:
In other words, he confessed to the aggravated sexual assault
 charge, which formed the basis for the State’s petition to proceed to adjudication on the burglary offense.

5:
We note that appellant filed a single motion with two cause numbers.

6:
Although appellant’s motion for new trial was brought under both cause numbers, he does not specify which allegations in the motion correspond to which case.

7:
We note that appellant makes no argument and presents no discussion as to how or why his plea was involuntary or his counsel was ineffective.  
See 
Tex. R. App. P.
 38.1(h).  He provides no basis for challenging the denial of the hearing on the motion for new trial on these two grounds.  Thus, to the extent his point challenges these grounds independently, we overrule his point.

8:
Additionally, appellant failed to raise the new grounds in the trial court within thirty days of the date sentence was imposed.  
See 
Tex. R. App. P.
 21.4 (providing that motion for new trial must be filed within thirty days after the trial court imposes sentence); 
Mercier v. State
, 96 S.W.3d 560, 562 (Tex. App.—Fort Worth 2002, no pet.) (holding that trial court lacked jurisdiction to grant new trial on grounds raised after thirty-day deadline).