COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NOS. 2-03-172-CR
2-03-184-CR
  
  
JASON DEMONT NELSON                                                      APPELLANT
 
V.
  
THE STATE OF TEXAS                                                                  STATE
  
------------
 
FROM THE 371ST 
DISTRICT COURT OF TARRANT COUNTY
 
------------
 
OPINION
 
------------
        Jason 
Demont Nelson appeals from his conviction for aggravated sexual assault of a 
child and from the revocation of his deferred adjudication community supervision 
for the offense of burglary of a habitation. In his sole point, appellant 
complains that the trial court abused its discretion by failing to conduct a 
hearing on his motion for a new trial. We affirm.
Facts
        The 
State initially charged appellant with the offense of burglary of a habitation. 
In January 2001, pursuant to a plea bargain agreement, appellant pled guilty and 
the trial court placed him on deferred adjudication community supervision for 
four years.  In September 2001, the State filed a petition to proceed to 
adjudication of appellant’s guilt.  The petition alleged that appellant 
had violated the terms of his community supervision by committing aggravated 
sexual assault of a child and by failing to submit to substance abuse 
assessments.  The State also charged appellant with the offense of 
aggravated sexual assault of a child.[1]
        On 
March 21, 2003, the trial court conducted a hearing on the petition to proceed 
to adjudication and the indictment for the sexual assault offense.  
Appellant entered an open plea of guilty to the aggravated sexual assault of a 
child charge and executed a set of documents entitled “WRITTEN PLEA 
ADMONISHMENTS.”  By signing the documents, appellant waived all pretrial 
motions filed in the case, all rights set forth in code of criminal procedure 
article 1.14, and his right to confront and cross-examine witnesses.[2]  See Tex. Code Crim. Proc. Ann. art. 1.13 (Vernon Supp. 
2004).  Additionally, appellant stated in the written admonishments and in 
open court that he was pleading guilty because he was guilty and for no other 
reason and that his admission of guilt was voluntary and freely given.
        After 
the hearing on the aggravated sexual assault charge, the trial court conducted a 
hearing on the State’s petition to proceed to adjudication on the burglary 
offense. Appellant pled “true” to the allegations and signed written 
admonishments, again waiving all pretrial motions filed in the case, all rights 
contained in the code of criminal procedure article 1.14, and the right to 
confront and cross-examine witnesses.[3]  
Additionally, appellant expressly waived the filing of a motion for new trial in 
the burglary case. He also declared that he was admitting the truth of the 
State’s allegations that formed the basis of the State’s petition to proceed 
to adjudication on the burglary offense for no other reason than that the 
allegations were true.[4]  The trial court orally 
admonished appellant on the range of punishment and ensured that his plea of 
“true” was freely and voluntarily made. The trial court delayed sentencing 
appellant until after the completion of a presentence investigation report 
(PSI).
        On 
May 20, 2003, the trial court conducted a sentencing hearing on both of 
appellant’s pleas. Appellant confirmed that he was the same person who had 
pled guilty in cause number 0817660D (aggravated sexual assault) and “true” 
in cause number 0779706A (burglary). The State offered the PSI report into 
evidence and the court admitted it. Appellant expressly stated that he had no 
objection to admission of the PSI. Moreover, appellant and the State both 
referred to portions of the report in their arguments.
        After 
arguments, the trial court found, based upon appellant’s admission and 
counsels’ arguments, that appellant had violated the terms of his burglary 
community supervision.  The trial court sentenced him to twenty years’ 
imprisonment for the burglary offense.  Based upon appellant's open guilty 
plea in the assault case, the trial court also found appellant guilty of 
aggravated sexual assault of a child and sentenced him to fifty years’ 
imprisonment in that case.  The trial court ordered the sentences to run 
concurrently.  The trial court certified appellant’s right to appeal both 
causes.
Motion for New Trial
        In 
his sole point, appellant contends that the trial court abused its discretion by 
failing to conduct a hearing on his motion for new trial[5] 
because a hearing is the only way appellant can develop the facts necessary to 
show that his plea was involuntary and entered as a result of ineffective 
assistance of counsel. Appellant brought the motion for new trial and his 
appeals complaining of the trial court’s failure to conduct a hearing on his 
motion in both cause numbers.
Standard of Review
        A 
defendant’s right to an evidentiary hearing on a motion for new trial is not 
an absolute right, and we will reverse a trial court’s failure to conduct a 
hearing only where the court abused its discretion. Reyes v. State, 849 
S.W.2d 812, 815-16 (Tex. Crim. App. 1993); Mallet v. State, 9 S.W.3d 856, 
867-68 (Tex. App.—Fort Worth 2000, no pet.).  The purpose of a hearing on 
a motion for new trial is to allow a defendant an opportunity to develop matters 
raised in his motion that are not determinable from the record and upon which 
the defendant could be entitled to relief.  Wallace v. State, 106 
S.W.3d 103, 108 (Tex. Crim. App. 2003); Martinez v. State, 74 S.W.3d 19, 
21-22 (Tex. Crim. App. 2002).
Discussion
        In 
his motion, appellant argued that he was entitled to a new trial on the 
following grounds: (1) the sentence was illegal because, before trial, appellant 
requested that the State give notice of its intent to introduce evidence of 
extraneous offenses on the issue of penalty and failed to do so until it 
delivered the information to the officer preparing the PSI; and (2) the State 
did not prove, beyond a reasonable doubt, the information in the PSI relating to 
extraneous offenses and unadjudicated bad acts.[6] 
Additionally, he alleged that the trial court should not have relied on the 
extraneous offenses and prior bad acts during sentencing because the State 
failed to comply with code of criminal procedure article 37.07. Tex. Code Crim. Proc. Ann. art. 37.07 (Vernon Supp. 
2004) (requiring the State to give appellant notice of its intent to present 
evidence of extraneous offenses and prior bad acts at trial).
        As 
a prerequisite to a hearing, the motion for new trial must be supported by an 
affidavit or sworn facts specifically showing the truth of the grounds alleged 
as a basis for a new trial.  Daniels v. State, 63 S.W.3d 67, 70 
(Tex. App.—Houston [14th Dist.] 2001, pet. ref’d).  
Affidavits that are conclusory in nature or are unsupported by facts, are not 
sufficient to put the trial court on notice that reasonable grounds for relief 
exist.  Jordan v. State, 883 S.W.2d 664, 665 (Tex. Crim. App. 1994); 
Buerger v. State, 60 S.W.3d 358, 363 (Tex. App.—Houston [14th 
Dist.] 2001, pet. ref’d); Alcott v. State, 26 S.W.3d 1, 4 (Tex. 
App.—Waco 1999), aff’d, 51 S.W.3d 596 (Tex. Crim. App. 2001) (all 
holding motion for new trial affidavit insufficient to trigger hearing on 
defendant’s ineffective assistance of counsel allegation because they were too 
conclusory in nature or unsupported by facts).
        A 
review of the record reveals that appellant filed no affidavits with his motion, 
although he had the motion verified. See Daniels, 63 S.W.3d at 
70.  In addition, the facts and complaints in appellant’s motion for new 
trial are different from his complaints on appeal. In his motion for new trial, 
appellant complained of the State’s failure to give notice of its intent to 
introduce evidence of extraneous offenses and unadjudicated bad acts.  See 
Tex. Code Crim. Proc. Ann. art. 37.07.  On appeal, he claims 
that the trial court erred in denying his motion for new trial because his plea 
was involuntary and he received ineffective assistance of counsel.
        With 
respect to the grounds asserted in his motion for new trial, the trial court did 
not err by failing to conduct a hearing.  First, appellant specifically 
waived his right to a new trial in the burglary cause of action.  Second, 
appellant failed to file any affidavits in support of his motion.  Third, 
appellant specifically waived his right to any pre-trial motions, which would 
include his right to notice of extraneous offenses or bad acts in either 
case.  Additionally, appellant expressly stated that he had no objection to 
the PSI report when the State presented it to the trial court.  Therefore, 
to the extent appellant might be challenging the denial of the hearing on his 
motion for new trial on these grounds, we hold that those complaints are waived 
and overruled.
        On 
appeal, however, appellant no longer asserts that he was entitled to a new trial 
on either of the grounds raised in his motion.  Instead, he now asserts 
that his plea was involuntary, and that he received ineffective assistance of 
counsel, and that he was unable to present evidence on these issues because the 
trial court failed to hold a hearing on his motion.  Although it is not 
necessary that a defendant raise ineffective assistance and voluntariness claims 
at trial or in a motion for new trial in order to raise them on appeal, an 
objection stating one legal basis at trial may not be used to support a 
different legal theory on appeal.  Robinson v. State, 16 S.W.3d 808, 
809-11 (Tex. Crim. App. 2000); Bell v. State, 938 S.W.2d 35,54 (Tex. 
Crim. App. 1996).  Appellant’s complaints regarding the involuntariness 
of his plea and ineffective assistance of counsel were never raised in 
appellant’s motion for new trial in the trial court.  Because these 
grounds were not before the trial court when it determined not to conduct a 
hearing on the motion, there can be no error in the trial court’s failure to 
conduct a hearing on ineffective assistance of counsel and the voluntariness of 
appellant’s plea. Accordingly, these points are waived. See Tex. R. App. P. 33.1(a).
        Finally, 
because appellant has abandoned the grounds raised in his motion for new trial, 
the record does not demonstrate that the trial court’s failure to hold a 
hearing, even if improper, was harmful. Johnson v. State, 43 S.W.3d 1, 5 
(Tex. Crim. App. 2001) (holding that appellate court assesses harm based upon 
review of record).[7]  Accordingly, appellant’s 
sole point of error is overruled.[8]
Conclusion
        Having 
overruled appellant’s sole point of error, we affirm the trial court’s 
judgment in both causes.
   
  
                                                                  TERRIE 
LIVINGSTON
                                                                  JUSTICE
 
PANEL A:   CAYCE, 
C.J.; LIVINGSTON and WALKER, JJ.
 
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: May 6, 2004


NOTES
1. 
This is the same offense that formed the basis of one of the grounds for the 
State’s petition to proceed to adjudication on the burglary offense.
2. 
The waiver in the aggravated sexual assault case read:
I 
waive all pre-trial motions that may have been filed in connection with this 
case. I am totally satisfied with representation given to me by my counsel. 
He/She provided fully effective and competent representation. I also waive and 
give up under Article 1.14, of the Criminal Code Procedure, all rights given to 
me by law, whether of form, substance or procedure.
3. 
The text of the waiver in the burglary case read:
I 
give up and waived any right I may have to wait to prepare for hearing on the 
petition, I waive all pre-trial motions that may have been filed in connection 
with this case.
I 
am totally satisfied with representation given to me by my counsel. He provided 
fully effective and competent representation. I also waive and give up under 
Art. 1.14 C.C.P. all rights given to me by law, whether of form, substance or 
procedure. Also joined by my attorney under Art. 1.15 C.C.P., I waive and give 
up the right to appearance, confrontation and cross-examination of the witnesses 
and I consent to oral and written stipulations of evidence.
4. 
In other words, he confessed to the aggravated sexual assault charge, which 
formed the basis for the State’s petition to proceed to adjudication on the 
burglary offense.
5. 
We note that appellant filed a single motion with two cause numbers.
6. 
Although appellant’s motion for new trial was brought under both cause 
numbers, he does not specify which allegations in the motion correspond to which 
case.
7. 
We note that appellant makes no argument and presents no discussion as to how or 
why his plea was involuntary or his counsel was ineffective. See Tex. R. App. P. 38.1(h). He provides no 
basis for challenging the denial of the hearing on the motion for new trial on 
these two grounds. Thus, to the extent his point challenges these grounds 
independently, we overrule his point.
8. 
Additionally, appellant failed to raise the new grounds in the trial court 
within thirty days of the date sentence was imposed. See Tex. R. App. P. 21.4 (providing that 
motion for new trial must be filed within thirty days after the trial court 
imposes sentence); Mercier v. State, 96 S.W.3d 560, 562 (Tex. App.—Fort 
Worth 2002, no pet.) (holding that trial court lacked jurisdiction to grant new 
trial on grounds raised after thirty-day deadline).