William Daryl WATSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 04-97-00663-CR.

Court of Appeals of Texas,
San Antonio.

May 27, 1998.

Discretionary Review Refused
Sept. 23, 1998.

credited to Taylor's future child support obligations.

Jimmy Parks, Phillips & Parks, San Antonio, for Appellant.

W.C. Kirkendall, Dist. Atty., Frank Follis, Asst. Dist. Atty., Seguin, for Appellee.

Before HARDBERGER, C.J., and LÓPEZ and GREEN, JJ.

## OPINION

LÓPEZ, Justice.

William Daryl Watson was convicted of aggravated sexual assault pursuant to the terms of a plea bargain. Watson entered a plea of no contest and signed a document entitled "Waivers, Stipulations and Admonishments for Plea of Guilty or No Contest." Incorporated into the waiver document was a judicial confession that tracked the language of the indictment. Therein, Watson stipulated that he had intentionally and knowingly caused penetration of the female sexual organ of D.B., a child who was then and there younger than 14 years of age and not his spouse, by his sexual organ. The trial judge accepted Watson's plea and later sentenced Watson to seven years confinement. Because the trial judge granted Watson permission to appeal, we now consider Watson's complaints.

In his first issue, Watson contends that the trial judge erred by sentencing him to seven years in prison without ever finding him guilty. Because he maintains that the only time the court can assess a sentence without first finding the defendant guilty is in deferred adjudication, Watson asks this court to reform the trial court's judgment to reflect his placement on deferred adjudication. Thus we must determine if the trial judge found Watson guilty.

■ Although the reporter's record does not contain a verbal pronouncement of guilt, the record indicates that the trial court determined that Watson was guilty. After Watson pled no contest, the trial judge accepted the plea and set the case for sentencing. The following month, Watson appeared before the trial court for sentencing. Because Watson had decided to withdraw his plea, and thus had not been evaluated by the probation office, the trial court heard testimony on Watson's motion to withdraw the plea. After hearing testimony, the trial judge denied the motion to withdraw the plea and ordered Watson to cooperate with the probation department in conducting a presentence investigation. Two months later, Watson returned to the court for sentencing. After hearing testimony from Watson and D.B.'s grandfather, the judge stated, "I'm going to deny his motion to withdraw his plea and order that he serve seven years in the Institutional Division of the Texas Department of Criminal Justice," without verbalizing a finding of guilt. Despite the court's failure to verbally pronounce guilt, the judgment affirmatively reflects a finding of guilt. Because we know of no authority requiring the court's finding of guilt to be explicitly verbalized, we overrule Watson's first point of error.

As his second and third issues, Watson maintains that the trial judge erred by not allowing him to withdraw his plea. Watson argues that although he agreed in the waiver document that "the evidence in this case may be stipulated," the State presented nothing but the waiver document itself to support his guilt. Instead, he argues, the only evidence presented on the issue of guilt was his own testimony denying guilt. Watson maintains

that because the State presented nothing to support guilt, the trial judge should have permitted him to withdraw his plea.

 An accused may withdraw his plea any time before judgment is pronounced or the case has been taken under advisement. *See Jackson v. State,* 590 S.W.2d 514, 515 (Tex.Crim.App.1979); *Rivera v. State,* 952 S.W.2d 34, 35 (Tex.App.—San Antonio 1997, no pet.). The decision to allow the defendant to withdraw his plea *after* the judge has taken the case under advisement, however, is within the sound discretion of the trial court. *See Jackson,* 590 S.W.2d at 515; *Rivera,* 952 S.W.2d at 35. Once the judge has admonished the accused, received his plea, and received evidence, passing the case for a presentence investigation constitutes "taking the case under advisement." *See Rivera,* 952 S.W.2d at 35–36. Because Watson filed his motion to withdraw his plea after the trial judge passed the case for preparation of a presentence report, we review the court's decision under an abuse of discretion standard. To establish an abuse of discretion, the appellant must show that the trial court's ruling lies outside the "zone of reasonable disagreement." *See Montgomery v. State,* 810 S.W.2d 372, 391 (Tex.Crim.App.1990); *Rivera,* 952 S.W.2d at 36.

 The State submitted only the waiver document to support Watson's guilt. In addition to the confession recited previously, Watson stipulated in this document that each and every allegation contained in the indictment was true and correct. Although presentation of this document alone is a barebones approach to proving guilt, a judicial confession is sufficient to sustain a conviction upon a guilty plea even if the defendant does nothing more than affirm that the allegations in the indictment are true and correct. *See Dinnery v. State,* 592 S.W.2d 343, 353 (Tex.Crim.App.1979) (op. on rehearing); *Adam v. State,* 490 S.W.2d 189, 190 (Tex.Crim.App. 1973); *Lemons v. State,* 953 S.W.2d 825, 828 (Tex.App.—Corpus Christi 1997, no pet.); *Jones v. State,* 857 S.W.2d 108, 111 (Tex. App.—Corpus Christi 1993, no pet.). While the defensive posture of the defendant is different in a plea of no contest, the legal effect is the same. As a result, we determine that the stipulations in Watson's waiver document established Watson's guilt. *See Floyd v. State,* 914 S.W.2d 658, 661–62 (Tex. App.—Texarkana 1996, pet. ref'd) (sustaining appellant's no evidence point where after defendant pleaded no contest, State supported defendant's guilt with judicial confession). Because the waiver document supported Watson's guilt, we conclude that denying Watson permission to withdraw his plea was not an abuse of discretion. Watson's testimony to the effect that he was not guilty does not change this result. Although the court is required to allow the defendant to withdraw his guilty plea when the evidence fairly raises a question about the defendant's guilt in a trial before the jury, pleas before the court are subject to different rules. *See Fairfield v. State,* 610 S.W.2d 771, 778 n. 11 (Tex.Crim.App.1981). We overrule Watson's second and third issues.

 Watson next complains that the trial judge erred by admitting victim impact evidence, over his objection and prior to a finding of guilt, in the form of testimony from the victim's grandfather. Watson relies on article 56.03(f) of the Code of Criminal Procedure to argue that the trial judge impermissibly allowed D.B.'s grandfather to testify prior to an adjudication of guilt. *See* Tex. Code Crim. Proc. art. 56.03(f) (Vernon Supp. 1998) (prohibiting court to inspect victim impact statement until after a finding of guilt or until deferred adjudication is ordered). Article 56.03(f), however, does not bind the court where the defendant pleads no contest. *See id.* art. 56.03(f)(1); *see also id.* art. 37.07 § 3 (permitting State, during the sentencing phase of trial, to offer evidence on any matter the court deems relevant to sentencing). As a result, we overrule Watson's last issue.

Having overruled all of Watson's issues, we affirm the judgment of the trial court.