Jessie Courtney v. State
















IN THE
TENTH COURT OF APPEALS
 

No. 10-98-118-CR

     JESSIE COURTNEY,
                                                                         Appellant
     v.

     THE STATE OF TEXAS,
                                                                         Appellee
 

From the 54th District Court
McLennan County, Texas
Trial Court # 96-747-C
                                                                                                                
                                                                                                         
O P I N I O N
                                                                                                                

      Appellant Jessie Courtney pleaded guilty to aggravated sexual assault of his adopted daughter,
a child under fourteen years of age, and the trial court sentenced him to five years’ imprisonment
in the Texas Department of Criminal Justice—Institutional Division. Tex. Pen. Code Ann. §§
22.021(a)(1)(B), (a)(2)(B) (Vernon 1998).
      Courtney’s sole issue on appeal claims that the trial court erred when it denied him permission
to withdraw his guilty plea.
      We affirm the judgment.
FACTUAL AND PROCEDURAL BACKGROUND
        Courtney pleaded not guilty and his case proceeded to trial on March 2, 1998. The case was
submitted to the jury and deliberations began on March 4, 1998. Deliberations continued the next
day, during which the jury sent a note stating that they were “unable to reach a decision.”


 While
the jury was deliberating, the State approached Courtney and informed him that it had knowledge
of other allegations against him.


 Courtney subsequently decided to enter into a plea bargain with
the State in which he agreed to waive his right to a trial by jury and pleaded guilty before the trial
court. Before the trial court accepted his guilty plea, it informed him on the record that the jury
had been deliberating for approximately one day and that they had sent a note indicating that they
were unable to reach a decision.


 The trial court further questioned Courtney concerning his
decision to plead guilty. After the trial court again informed Courtney that the jury was still
deliberating, Courtney pleaded guilty.


 The trial court found sufficient evidence to establish
Courtney’s guilt and ordered a presentence investigation.
      Prior to sentencing on April 29, 1998, Courtney requested that the trial court grant him
permission to withdraw his plea of guilty and enter a plea of not guilty. The trial court asked
Courtney why he wanted to withdraw his plea and the following ensued:
COURTNEY:Because at the time I was informed of some other things that was going
to be brought against me, and I had not made preparations to defend
myself against them, which I had no knowledge that they were going
to be brought against me, and I don’t think my Attorney had
knowledge of them to represent me with a proper defense that would
be effective enough to prove my innocence. However, since that time
I have obtained information and justification pertaining to these other
charges that I was informed was going to be brought against me that
would prove these other charges to be wrong also.
 
COURT:Mr. Hunt?
 
COUNSEL:Your Honor, just for the record, after the jury was out deliberating,
before Mr. Courney (sic) entered his plea the State did explain to me
that they did come up with additional information. I approached Mr.
Courtney with that information, and told him that I had not been aware
of that before. I did not know if it was true or not true, but that if the
case was going to be tried again that was the information that would
most likely be brought up. Again I explained to Mr. Courtney that I
had no idea whether it was true or not true, and did not know about,
and the State didn’t know about it until shortly before they told me
about it. It was Mr. Courtney’s decision to plead guilty rather than
take it to another trial, if it was a hung jury.

      The trial court did not grant Courtney permission to withdraw his plea but did give him
permission to appeal.
WITHDRAWAL OF GUILTY PLEA
      Courtney argues that his plea was not voluntary and the trial court abused its discretion when
it denied him permission to withdraw his guilty plea because:
      • the evidence, absent his guilty plea, was insufficient to support his conviction;
      • the jury’s note to the trial court that stated that they were unable to reach a decision and
their other notes that stated that they were in considerable disagreement over the victim’s
testimony indicate that there was a question of his guilt and that the evidence was insufficient to
support his conviction;
      • he has always maintained his innocence and he pleaded guilty because he was afraid that his
trial counsel could not defend him against the State’s new allegations; and 
      • his plea of guilty was not voluntary considering the factors that surrounded his decision to
plead guilty, such as the fact that the State informed his attorney during the jury’s deliberations
that it had new allegations against him and it would likely use those allegations if his current trial
ended in a hung jury–thus, no one in his situation would have been able to make a rational choice.
      In Texas, a liberal practice prevails concerning a defendant’s right to withdraw his plea of
guilty. Jackson v. State, 590 S.W.2d 514, 515 (Tex. Crim. App. [Panel Op.] 1979); State v.
Ellis, 976 S.W.2d 789, 792 (Tex. App.—Houston [1st Dist.] 1998, no pet.). A defendant may
withdraw his plea of guilty as a matter of right at any time before judgment is pronounced or the
case has been taken under advisement. Jackson, 590 S.W.2d at 515; Coronado v. State, 996
S.W.2d 283, 285 (Tex. App.—Waco 1999, no pet. h.). Once the trial court has admonished the
defendant, received his plea, and received evidence, passing the case for a presentence
investigation constitutes taking the case under advisement. Watson v. State, 974 S.W.2d 763, 765
(Tex. App.—San Antonio 1998, pet. ref’d); Garcia v. State, 960 S.W.2d 151, 157 (Tex.
App.—Corpus Christi 1997, no pet.). Once the trial court takes the case under advisement, the
decision to allow the defendant to withdraw his plea rests within the sound discretion of the trial
court. Jackson, 590 S.W.2d at 515; Coronado, 996 S.W.2d at 285; Rivera v. State, 952 S.W.2d
34, 35 (Tex. App.—San Antonio 1997, no pet.). 
      When a defendant pleads guilty, his plea alone is insufficient to support his felony conviction
and the State must introduce sufficient evidence to establish his guilt. Tex. Code Crim. Proc.
Ann. art. 1.15 (Vernon 1998). A defendant’s judicial confession is sufficient to sustain his
conviction upon his guilty plea even if he does nothing more than affirm that the allegations in the
indictment are true and correct. Dinnery v. State, 592 S.W.2d 343, 352-53 (Tex. Crim. App.
[Panel Op.] 1979) (op. on reh’g); Watson v. State, 974 S.W.2d 763, 765 (Tex. App.—San
Antonio 1998, pet. ref’d); Lemons v. State, 953 S.W.2d 825, 828 (Tex. App.—Corpus Christi
1997, no pet.). 
      When Courtney pleaded guilty, the trial court asked him if he signed an agreement and
stipulation that stated that he was guilty of the offense of intentionally and knowingly causing the
penetration by his male sexual organ of the female sexual organ of L.S., a child younger than
fourteen years of age who was not his spouse. Courtney responded, “Yes, sir.” Because
Courtney signed an agreement affirming that the allegations in the indictment were true and
correct, there was sufficient evidence to support his conviction. 
      Courtney next claims that his guilty plea was not voluntary and thus, the trial court abused
its discretion when it refused him permission to withdraw his plea. A defendant’s guilty plea must
be freely and voluntarily entered. Tex. Code Crim. Proc. Ann. art. 26.13(b) (Vernon 2000);
Ex parte Morrow, 952 S.W.2d 530, 534 (Tex. Crim. App. 1997). When the record shows that
the trial court properly admonished the defendant, as in this case, it presents a prima facie showing
that the defendant’s plea was knowing and voluntary. Martinez v. State, 981 S.W.2d 195, 197
(Tex. Crim. App. 1998); see Valle v. State, 963 S.W.2d 904, 909 (Tex. App.—Texarkana 1998,
pet. ref’d) (defendant’s attestation that his plea of guilty was voluntary creates a heavy burden to
show that his plea was involuntary at a subsequent hearing). The burden then shifts to the
defendant to establish that he did not fully understand the consequences of his plea such that he
suffered harm. Martinez, 981 S.W.2d at 197. When considering the voluntariness of a
defendant’s guilty plea, we examine the record as a whole. Martinez, 981 S.W.2d at 197.
      Courtney does not complain on appeal, nor does the record indicate that the trial court’s
admonishments were deficient or improper. See Tex. R. App. P. 38.1(e). Since the trial court
properly admonished Courtney, it is his burden to establish that he did not fully understand the
consequences of his plea. See Martinez, 981 S.W.2d at 197. After examining the record as a
whole, we find that there is no evidence to support Courtney’s contention that he did not
voluntarily and freely enter his guilty plea. The record indicates that the trial court asked
Courtney whether his plea of guilty was of his own free will and choice, whether he knew the
consequences of his plea, and whether he knew that a jury was still currently out deciding his guilt
or innocence. To each of these questions Courtney replied, “Yes, sir.” There is nothing in the
record to suggest that Courtney’s plea was anything other than free and voluntary. 
      Based upon the reasons above, we overrule Courtney’s issue and affirm the trial court’s
judgment.
                                                             REX D. DAVIS
                                                             Chief Justice

Before Chief Justice Davis
      Justice Vance
      Justice Gray
Affirmed
Opinion delivered and filed November 17, 1999
Do not publish