No. 04-00-00595-CR and 04-00-00596-CR

Mark SILVA,


Appellant



v.



The STATE of Texas,


Appellee



From the 187th Judicial District Court, Bexar County, Texas


Trial Court Nos. 2000-CR-0422-B & 2000-CR-0673-B


Honorable Raymond Angelini, Judge Presiding



Opinion by: Catherine Stone, Justice


Sitting: Tom Rickhoff, Justice

 Catherine Stone, Justice

 Sarah B. Duncan, Justice


Delivered and Filed: March 14, 2001 


AFFIRMED


 Mark Silva pleaded guilty to the offenses of aggravated robbery with a deadly weapon and
attempted aggravated robbery with a deadly weapon. Pursuant to a plea bargain, punishment was
assessed at 15 years imprisonment on the aggravated robbery with a deadly weapon, to be served
concurrent with 10 years on the attempted aggravated robbery with a deadly weapon. Silva now
appeals, claiming the trial court erred in denying his motions to withdraw his guilty pleas. We disagree
and affirm the trial court's judgments.

 Rule 25.2(b)(3) of the Texas Rules of Appellate Procedure limits our jurisdiction over appeals
from plea bargained cases. Pursuant to this rule, when a judgment is rendered on a defendant's guilty
plea and the punishment assessed does not exceed the punishment recommended by the prosecutor,
the notice of appeal must:

 (A) specify that the appeal is for a jurisdictional defect;


 (B) specify that the substance of the appeal was raised by written motion and
ruled on before trial; or


 (C) state that the trial court granted permission to appeal.


Tex. R. App. P. 25.2(b)(3). When the notice of appeal does not comply with Rule 25.2(b)(3), as in
the instant case, we can address only jurisdictional defects or the voluntariness of the defendant's
guilty plea. Flowers v. State, 935 S.W.2d 131, 134 (Tex. Crim. App. 1996).

 In his sole point of error, Silva contends the trial court erred when it denied his motions to
withdraw guilty pleas prior to sentencing. He claims he spoke to his attorney only twice before the
date he entered his plea and for a mere two minutes on the date of his plea. He maintains he did not
have enough time to evaluate the plea agreement offer relayed to him because the prosecutor gave
him only two minutes to choose the plea agreement or trial by jury. Therefore, Silva argues his pleas
were involuntary and the trial court abused its discretion in denying the withdrawal of his pleas.

 Standard of Review


 An accused may withdraw his plea any time prior to the case being taken under advisement.
See Jackson v. State, 590 S.W.2d 514, 515 (Tex. Crim. App. 1979); Watson v. State, 974 S.W.2d
763, 765 (Tex. App.-San Antonio 1998, pet. ref'd). Once the case has been taken under advisement,
however, the decision to permit withdrawal of a plea lies within the sound discretion of the trial court.
See Jackson, 590 S.W.2d at 515; Watson, 974 S.W.2d at 765. Passing the case for a pre-sentence
investigation constitutes "taking the case under advisement," once the judge has admonished the
accused, received his plea, and accepted evidence. Watson, 974 S.W.2d at 765; Rivera v. State, 952
S.W.2d 34, 35 (Tex. App.-San Antonio 1997, no pet.). Because Silva filed his motions to withdraw
his pleas after the trial judge passed the case for preparation of a pre-sentence report, we review the
court's decision under an abuse of discretion standard. To establish an abuse of discretion, the
appellant must show that the trial court's ruling lies outside the "zone of reasonable disagreement."
See Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990); Watson, 974 S.W.2d at
765. 

 Silva voluntarily confessed to the two offenses. He never claimed he was innocent at either
the plea proceeding or the hearing on his motions to withdraw the pleas. See United States v.
Henderson, 72 F.3d 463, 465 (5th Cir. 1995). (1) At the sentencing he expressed remorse for his
actions, again admitting guilt. He was admonished by the court. Although Silva had little time to
arrive at his decision, he stated in court and in signed documents that he entered his pleas knowingly
and voluntarily. He also stated that he understood his rights, and that he waived them voluntarily.
 Because the waiver documents supported Silva's guilt, we hold that denying Silva's motions
to withdraw his pleas was not an abuse of discretion. See Watson, 974 S.W.2d at 765 (finding a
judicial confession is sufficient to sustain a conviction upon a guilty plea even if the defendant does
nothing more than affirm that the allegations in the indictment are true and correct). The court's
ruling does not lie outside the "zone of reasonable disagreement." We overrule Silva's sole point of
error and affirm the judgments of the trial court.




 Catherine Stone, Justice

DO NOT PUBLISH











 






1. In Henderson, the defendant claimed counsel had not fully informed him about the plea agreement and asked
to withdraw his plea. He never maintained his innocence and repeatedly admitted his guilt during the plea proceeding
and the hearing on his motion to withdraw his plea. The Fifth Circuit found no abuse of discretion in the denial of his
motion by the court.