NO. 12-02-00222-CR



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT


 

TYLER, TEXAS


 


CHANCE ALAN THOMPSON,
§
 APPEAL FROM THE 173RD

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 HENDERSON COUNTY, TEXAS






MEMORANDUM OPINION
 

 Chance Alan Thompson ("Appellant") appeals his conviction for aggravated robbery, for
which he was sentenced to imprisonment for ten years and ordered to pay three thousand dollars in
restitution jointly and severally with his co-defendants. Appellant raises two issues on appeal. We
affirm.


Background

 Appellant was charged by indictment with aggravated robbery. (1) Following an admonishment
by the trial court, Appellant waived his right to a trial by jury and pleaded guilty. The trial court
found Appellant guilty as charged and, in accordance with Appellant's plea bargain agreement,
sentenced Appellant to imprisonment for ten years and ordered Appellant to pay three thousand
dollars in restitution jointly and severally with his co-defendants.

 Appellant filed a motion for new trial arguing that his guilty plea was not entered
voluntarily. (2) On July 22, 2002, a hearing was held on Appellant's motion for new trial. At the
hearing, Appellant testified that (1) his attorney told him that his best bet was to take the State's plea
bargain and not go to trial because he could be sentenced to imprisonment for thirty years, and (2)
he felt that he was not going to get a fair trial because he did not believe that his attorney would
represent him the way that he should. Further, Appellant acknowledged that he had previously told
the trial court that he was pleading guilty both freely and voluntarily and that he understood
everything the judge was saying to him with regard to his decision to plead guilty. Further still,
during the trial court's admonishments, Appellant stated that he had no complaints with his lawyer
and had not been coerced in any way. The trial court overruled Appellant's motion and this appeal
followed.


Voluntariness of a Guilty Plea

 In his first issue, Appellant argues that the trial court erred in overruling his motion for new
trial. We initially note the court of criminal appeals' recent holding that a defendant in a plea-bargained, felony case may not raise the voluntariness of his plea on appeal. See Cooper v. State ,
45 S.W.3d 77, 83 (Tex. Crim. App. 2001). However, unlike the appellant in Cooper, Appellant was
granted permission to appeal by the trial court in the instant case. Thus, we conclude that the instant
case is distinguishable from Cooper. However, even if the cases were indistinguishable, the result
here would not differ.

 A defendant may withdraw his guilty plea as a matter of right without assigning a reason until
judgment is pronounced or until the case has been taken under advisement. See Jackson v. State, 
590 S.W.2d 514, 515 (Tex. Crim. App. 1979). Whether to permit a defendant to withdraw his guilty
plea after the judgment is pronounced or the case has been taken under advisement is within the
sound discretion of the trial court. Id. Because Appellant did not seek to withdraw his guilty plea
until after the trial judge entered judgment, we review the court's decision under an abuse of
discretion standard. See Watson v. State, 974 S.W.2d 763, 765 (Tex. App.- San Antonio 1998, no
pet.). To establish an abuse of discretion, the appellant must show that the trial court's ruling lies
outside the "zone of reasonable disagreement." See Montgomery v. State, 810 S.W.2d 372, 391
(Tex. Crim. App. 1990); Watson, 974 S.W.2d at 765.

 The validity of a guilty plea depends upon whether it was entered voluntarily and made
intelligently and, if upon advice of an attorney, that counsel was reasonably competent and rendered
effective assistance. See Ex parte Evans, 690 S.W.2d 274, 276 (Tex. Crim. App. 1985); Tex. Code
Crim. Proc. Ann. art. 26.13(b) (Vernon Supp. 2003). In determining the voluntariness of the plea,
the entire record must be considered. See Williams v. State, 522 S.W.2d 483, 485 (Tex. Crim. App.
1975). When the record demonstrates that the trial court properly admonished the defendant, it
presents a prima facie showing that the guilty plea was knowing and voluntary, thereby shifting the
burden of proof to the defendant to establish that he did not understand the consequences of his plea. 
See Tovar-Torres v. State, 860 S.W.2d 176, 178 (Tex. App.- Dallas 1993, no pet.).

 In the instant case, the record reflects that the trial court admonished Appellant fully, both
orally and in writing. However, Appellant testified at the hearing on his motion for new trial that
(1) his attorney told him that his best bet was to take the State's plea bargain and not go to trial
because he could have been sentenced to imprisonment for thirty years, and (2) he believed that he
was not going to get a fair trial because he did not believe that his attorney would represent him the
way that he should. Yet, Appellant acknowledged that he had previously told the trial court that he
was pleading guilty both freely and voluntarily and that he understood everything the judge was
saying to him in that regard. Further, during the trial court's admonishments, Appellant stated that
he had no complaints with his lawyer and had not been coerced in any way. 

 The fact that Appellant may have entered a plea of guilty as a result of plea bargaining in the
hope of escaping the possibility of a higher sentence does not invalidate a guilty plea. See Galvan
v. State, 525 S.W.2d 24, 26 (Tex. Crim. App. 1975). As Appellant was properly admonished, he had
the burden to prove that he did not understand the consequences of his plea. Appellant's own
testimony at the hearing on Appellant's motion for new trial establishes that Appellant did
understand such consequences. Such a fact is not contradicted by the record as a whole. Thus, we
conclude that the trial court's ruling does not lie outside the zone of reasonable disagreement and
hold that the trial court did not abuse its discretion in overruling Appellant's motion for new trial. 
Appellant's first issue is overruled.



Ineffective Assistance of Counsel

 In his second issue, Appellant contends that his trial counsel was ineffective because he
caused Appellant to plead guilty by coercing him. The proper standard by which to gauge the
adequacy of representation by counsel is articulated in Strickland v. Washington, 466 U.S. 668, 104
S. Ct. 2052, 80 L. Ed. 674 (1984). See also Hernandez v. State, 726 S.W.2d 53, 57 (Tex. Crim.
App. 1986). The test set forth in Strickland requires a two-step analysis:



 Did the attorney's performance fail to constitute "reasonably effective assistance," i.e., did the defense
attorney's representation fall below an objective standard of reasonableness under prevailing
professional norms? 

 If so, was there a reasonable probability that, but for counsel's unprofessional errors, the result of the
proceedings could have been different?



See Strickland, 466 U.S. at 694, 104 S. Ct. at 2068. The test in Strickland is properly applied to the
punishment phase of a non-capital case as well. See Hernandez, 988 S.W.2d at 772. 

 A "reasonable probability" was defined by the Supreme Court as a "probability sufficient to
undermine confidence in the outcome." Id. Counsel is strongly presumed to have rendered adequate
assistance and to have made all significant decisions in the exercise of reasonable professional
judgment. See Hernandez, 726 S.W.2d at 55. The burden is on the appellant to overcome that
presumption. See Burruss v. State, 20 S.W.3d 179, 186 (Tex. App.- Texarkana 2000, pet. ref'd). 
The appellant must show specific acts or omissions that constitute ineffective assistance and
affirmatively prove that those acts fall below the professional norm for reasonableness. Id. 

 After proving error, the appellant must affirmatively prove prejudice. Id. The appellant must
prove that his attorney's errors, judged by the totality of the representation and not by isolated
instances of error, denied him a fair trial. Id. It is not enough for the appellant to show that the
errors had some conceivable effect on the outcome of the proceedings. Id. He must show that there
is a reasonable probability that, but for his attorney's errors, the jury would have had a reasonable
doubt about his guilt. Id. 

 In the case at hand, Appellant argues at length as to why his trial counsel's telling him to
plead guilty to avoid a lengthy sentence fell below the professional norm. However, even assuming
arguendo that Appellant's trial counsel's actions, as noted in Appellant's brief, satisfied the first
prong of the Strickland test, Appellant must still affirmatively prove prejudice. See Burruss, 20
S.W.3d at 186. It is not enough for the appellant to merely show that the errors had some
conceivable effect on the outcome of the proceedings. Id. 

 In his brief, after noting his burden under the second prong of the Strickland test, Appellant
states, "Appellant asserts that if issues had been asserted at the guilt or innocence phase, he could
have been acquitted of the charge alleged in the indictment." Such a conclusory statement is not an
adequate means by which Appellant can satisfy his burden of proof. Despite repeated readings of
Appellant's brief, we can uncover no argument addressing the second prong of the Strickland test. 
 We iterate that the burden of proof as to this issue rests squarely upon Appellant. See
Burruss, 20 S.W.3d at 186. As such, we will neither surmise nor devise our own conclusions absent
some cogent argument on Appellant's behalf that but for his counsel's alleged unprofessional errors,
there exists a reasonable probability that the result of the proceedings would have been different. 
Appellant's second issue is overruled. 


Conclusion

 Having held that the trial court did not abuse its discretion in overruling Appellant's motion
for new trial and that Appellant failed to meet his burden of proof under Strickland, we have
overruled Appellant's issues one and two. Accordingly, we affirm the judgment of the trial court.


 JAMES T. WORTHEN 

 Chief Justice


Opinion delivered April 16, 2003.

Panel consisted of Worthen, C.J. and Griffith, J.







(DO NOT PUBLISH)


1. Tex. Pen. Code Ann. § 29.03(a) (Vernon 2003).
2. Following the withdrawal of his trial counsel, Appellant was appointed new trial counsel, who filed an
amended motion for new trial on Appellant's behalf. However, in accordance with Texas Rule of Appellate
Procedure 21.4(b), the trial court refused to hear evidence related to Appellant's amended motion for new trial
stating that it was not timely filed. Appellant's counsel proceeded under the original motion for new trial on the
issue of whether Appellant's guilty plea was voluntary.