COURT OF APPEALS









COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS

 




 
 
  
 RYAN O=NEAL JONES,
  
                             Appellant,
  
 v.
  
 THE STATE OF TEXAS,
  
                             Appellee.
 
 
  
 '
  
 '
  
 '
  
 '
  
 '
 
 
  
 No. 08-03-00164-CR
  
 Appeal from the
  
 203rd District Court
  
 of Dallas County, Texas
  
 (TC#F-0243149-IP)
 
 




 

MEMORANDUM
OPINION

Ryan O=Neal Jones was indicted for
forgery.  He entered an open plea of
guilty and was convicted and sentenced by the trial court to two years= confinement.  We affirm.

Procedural
Background








At the plea hearing, the trial court
admonished Jones, both orally and in writing, of his
right to a jury trial, the range of punishment for the offense, and the
consequences of pleading guilty.  The
court asked Jones a series of questions to determine whether his plea was
knowing and voluntary.  A judicial
confession was admitted into evidence. 
Jones then testified in support of his request for probation.  At the conclusion of the hearing, the court
stated, A[T]he court finds that your waiver of
right to a jury trial, your plea of guilty and your signed written Judicial
Confession have all been freely and voluntarily made . . . [and] that you are
mentally competent to enter your plea. 
The court finds you guilty on your plea . . . .@ 
The court then proceeded to sentence Jones.  The written judgment of conviction states
that Jones=s plea Awas accepted by the court.@

Acceptance
of the Plea

On appeal, Jones argues that his
sentence is void because the trial judge did not expressly accept his plea
before sentencing him.  He relies on
article 26.13 of the Code of Criminal Procedure.  That statute requires the trial court to give
the defendant certain admonishments A[p]rior to accepting
a plea of guilty@ and provides that A[n]o plea of guilty . . . shall be accepted
by the court unless it appears that the defendant is mentally competent and the
plea is free and voluntary.@  Tex. Code Crim. Proc. Ann. art.
26.13(a), (b) (Vernon Supp. 2004) (emphasis added).  Jones infers from this language that a trial
court must expressly state in open court that it accepts a defendant=s plea.

Although the statutory language
indicates that the trial court=s acceptance of a plea is part of the plea process, the
language does not require that the trial court expressly state its acceptance
of the plea.  Jones does not cite any
cases holding that a trial court must expressly state its acceptance of a
defendant=s plea or that the trial court=s failure to do so renders a sentence
void.  Nor does Jones cite any policy or
interest that would be advanced by requiring the trial court to state that it
accepts a plea.








We decline to adopt Jones=s interpretation of article
26.13.  Cf. Watson v. State, 974
S.W.2d 763, 764 (Tex. App.--San Antonio 1998, pet. ref=d) (holding that a trial judge=s finding of guilt does not have to
be Aexplicitly verbalized@). 
In this case, the trial court obviously accepted Jones=s plea when it stated, AThe court finds you guilty on your plea
. . . .@

                                                                Conclusion

Jones=s issue on appeal is overruled, and
the judgment of the trial court is affirmed.

 

SUSAN
LARSEN, Justice

June 10, 2004

 

Before Panel No. 1

Larsen, McClure, and Chew,
JJ.

 

(Do Not Publish)