IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-61,535-01






EX PARTE WILLIAM DARYL WATSON, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS 


FROM GUADALUPE COUNTY

IN THE 25TH JUDICIAL DISTRICT COURT

TRIAL COURT CAUSE NO. 96-0427-CR-A



 

 Per curiam.


 O R D E R



 This is an application for a writ of habeas corpus which was transmitted to this Court 
pursuant to the provisions of Tex. Code Crim. Proc. art. 11.07. Applicant was convicted
of the offense of aggravated sexual assault, and punishment was assessed at confinement for
seven years. Applicant's conviction was affirmed on appeal. Watson v. State, 974 S.W.2d
763 (Tex. App.-San Antonio 1998, pet. ref'd).

 Applicant contends that his plea of nolo contendere was involuntary and that his
counsel rendered ineffective assistance by failing to investigate, failing to inform the trial
court applicant failed to appear for a court-ordered pre-sentence investigation at his
attorney's direction, failed to explain that applicant was not guaranteed probation under the
circumstances of his plea bargain, and failed to raise an issue concerning a prior bad
relationship between Applicant and the elected District Attorney stemming from the
prosecutor's representation of Applicant in an earlier divorce proceeding.

 The trial court has not entered findings of fact or conclusions of law. We believe that
Applicant has alleged facts that, if true, might entitle him to relief. Therefore, it is this
Court's opinion that additional facts need to be developed. Because this Court cannot hear
evidence, the trial court is the appropriate forum. The trial court may resolve those issues
as set out in Tex. Code Crim. Proc. art. 11.07, § 3 (d), in that it may order affidavits,
depositions, or interrogatories from attorney Jimmy Parks and the Honorable W.C.
Kirkendall, or it may order a hearing. In the appropriate case the trial court may also rely on
its personal recollection. 

 If the trial court elects to hold a hearing, the court should first decide whether
Applicant is indigent. If the trial court finds that Applicant is indigent and Applicant desires
to be represented by counsel, the trial court will then, pursuant to the provisions of Tex.
Code Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing. 

 Following receipt of additional information, the trial court should make findings of
fact as to whether attorney Jimmy Parks provided effective assistance of counsel, whether
Applicant's plea was voluntary, and what effect, if any, the prior attorney-client relationship
between the elected District Attorney and the Applicant had on the prosecution of this case. 
The trial court should also make any further findings of fact and conclusions of law it deems
relevant and appropriate to the disposition of the application for writ of habeas corpus.

 Because this Court does not hear evidence, Ex Parte Rodriquez, 334 S.W.2d 294 (Tex.
Crim. App. 1960), this application for a post-conviction writ of habeas corpus will be held
in abeyance pending the trial court's compliance with this order. Resolution of the issues
shall be accomplished by the trial court within 90 days of the date of this order. (1) A
supplemental transcript containing all affidavits and interrogatories or the transcription of the
court reporter's notes from any hearing or deposition, along with the trial court's
supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. (2)

 IT IS SO ORDERED THIS THE 14th DAY OF DECEMBER, 2005.





DO NOT PUBLISH 

 
1. In the event any continuances are granted, copies of the order granting the continuance
should be provided to this Court.
2. Any extensions of this time period should be obtained from this Court.