In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-07-416 CR


____________________



KAVAN WAYNE MCLAUGHLIN, AKA DEVIN MCLAUGHLIN,


AKA KEVIN WAYNE MCLAUGHLIN, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 252nd District Court


Jefferson County, Texas


Trial Cause No. 93016






 MEMORANDUM OPINION


 Pursuant to a plea bargain agreement, appellant, Kavan Wayne McLaughlin, aka
Devin McLaughlin, aka Kevin Wayne McLaughlin, pled guilty to the offense of aggravated
assault that was enhanced by a prior felony conviction. After admonishing McLaughlin and
discussing his proposed plea bargain agreement, the trial court accepted his guilty plea,
ordered a pre-sentence investigation ("PSI"), and reset his case for sentencing. At his
sentencing hearing, McLaughlin asked the trial court to allow him to withdraw his guilty
plea. The trial court denied McLaughlin's request and placed him on community
supervision. Subsequently, the trial court revoked McLaughlin's community supervision,
adjudicated him guilty of the offense, and assessed his punishment at fifty years'
confinement. In a single issue, McLaughlin contends that the trial court erred in refusing to
grant his request to withdraw his guilty plea at the sentencing hearing. Because we find no
abuse of discretion by the trial court in denying McLaughlin's request to withdraw his guilty
plea, we affirm.

Background

 In November of 2005, McLaughlin pled guilty to the offense of aggravated assault. 
In the same proceeding, McLaughlin also pled true to a repeat felony offender enhancement
paragraph. In open court, McLaughlin stated that his plea to the aggravated assault charge
and his plea to the enhancement charge were made of his own free will. The trial court
accepted McLaughlin's pleas after he affirmed that the paperwork concerning his pleas had
been explained to him to his full and complete satisfaction and that he had no objection to
them. McLaughlin's signature is found on the Written Plea Admonishments, which indicate
that he was informed in writing that the charge, as enhanced, carried a punishment range of
life or of not more than ninety-nine years or less than five years' confinement. The trial court
also acknowledged that under McLaughlin's proposed plea bargain agreement, he would
receive community supervision and that his sentence would be deferred. After the trial court
accepted McLaughlin's plea, it ordered a PSI and reset his case for sentencing.


 Approximately two months later, at the sentencing hearing, the trial court found the
evidence sufficient to find McLaughlin guilty of the charged offense but deferred its finding
of guilt and placed McLaughlin on community supervision. Before concluding the
sentencing hearing, the trial court asked McLaughlin whether he understood that his
punishment range, should he not successfully complete community supervision, would be
"from 5 to 99 years or life." In response, McLaughlin stated that he understood but that he
did not agree with it. The trial court replied that it was not a matter of agreement but rather,
the punishment range he would face if his community supervision was revoked, at which
point, McLaughlin stated, "I withdraw my plea." The trial court refused his request and
added that McLaughlin was "now officially on probation." 

 Seventeen months later, the trial court revoked McLaughlin's community supervision
for various reasons, including that he contacted the victim he had previously assaulted in
violation of the terms of the trial court's community supervision order. On July 30, 2007,
the trial court adjudicated McLaughlin's guilt and sentenced him to fifty years' confinement.
McLaughlin contends in this appeal that the trial court erred by refusing his request to allow
him to withdraw his guilty plea.

Analysis

 Generally, a defendant may withdraw his guilty plea at any time until a judgment has
been pronounced or the case has been taken under advisement. Jackson v. State, 590 S.W.2d
514, 515 (Tex. Crim. App. 1979); Watson v. State, 974 S.W.2d 763, 765 (Tex. App.-San
Antonio 1998, pet. ref'd). A case is taken "under advisement" after a trial court admonishes
the defendant, receives a guilty plea and evidence, and resets the case for a PSI. See Saldana
v. State, 150 S.W.3d 486, 490 (Tex. App.-Austin 2004, no pet.); Coronado v. State, 25
S.W.3d 806, 809 (Tex. App.-Waco 2000, pet. ref'd); Watson, 974 S.W.2d at 765. The
decision to allow the defendant to withdraw his guilty plea after a trial court has taken the
case "under advisement" is within the sound discretion of the trial court. Jackson, 590
S.W.2d at 515; Watson, 974 S.W.2d at 765. To establish that a trial court abused its
discretion in denying a request to withdraw a guilty plea, the appellant must show that "the
trial court's ruling lies outside the 'zone of reasonable disagreement.'" Watson, 974 S.W.2d
at 765 (quoting Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990)).

 McLaughlin's request to withdraw his guilty plea occurred after the trial court
admonished him, accepted his plea papers, acknowledged the proposed agreement between
McLaughlin and the State allowing for community supervision, requested a PSI, received the
PSI and began the process of conducting the sentencing hearing, deferred finding guilt, and
placed McLaughlin on community supervision for ten years. Only when questioned whether
he fully understood the terms and conditions of community supervision did McLaughlin, for
the first time, request permission to withdraw his guilty plea. At that time, the case was
clearly "under advisement," and McLaughlin no longer had an absolute right to withdraw his
guilty plea. See Jackson, 590 S.W.2d at 515; Saldana, 150 S.W.3d at 490; Coronado, 25
S.W.3d at 809; Watson, 974 S.W.2d at 765. 

 At the point McLaughlin requested to withdraw his guilty plea, the decision whether
to grant the request lay within the sound discretion of the trial court. See Jackson, 590
S.W.2d at 515; Watson, 974 S.W.2d at 765. McLaughlin's statement that he disagreed with
the punishment range concerns McLaughlin's opinion of the penalty the legislature assigned
to the crime, as enhanced, for which McLaughlin might ultimately be sentenced. The
statement does not concern the knowing and voluntary nature of McLaughlin's guilty plea
that had occurred nearly two months earlier. McLaughlin cites no case law to support a
claim that a defendant has an absolute right to withdraw a guilty plea at the stage of the
proceeding similar to those we consider here. We find nothing that supports a claim that the
defendant must agree with the legislatively prescribed penalty before a guilty plea is knowing
and voluntary. 

 We conclude that the record does not support McLaughlin's claim that the trial court
erred in refusing his request to withdraw his guilty plea. See Montgomery, 810 S.W.2d at
391; Watson, 974 S.W.2d at 765. We overrule McLaughlin's sole issue and affirm the trial
court's judgment.

 AFFIRMED. 

 ______________________________

 HOLLIS HORTON

 Justice


Submitted on February 7, 2008

Opinion Delivered March 5, 2008

Do Not Publish

Before Gaultney, Kreger, and Horton, JJ.