COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO.
2-07-241-CR

 

 

RICHARD GONZALEZ                                                           APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM
CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

Appellant Richard Gonzalez
appeals his conviction for aggravated sexual assault of a child under fourteen
years of age.  In a single point,
Gonzalez argues that the trial court abused its discretion by denying his motion
to withdraw his guilty plea.  We will
affirm.








The grand jury indicted
Gonzalez for multiple sexual offenses involving a child.  With a venire panel waiting outside of the
courtroom anticipating the commencement of voir dire, Gonzalez decided to enter
an open plea of guilty to a single count of aggravated sexual assault of a
child.  He signed written plea
admonishments, including admonishments for sex offender registration
requirements.  Gonzalez also signed a
judicial confession admitting his guilt for the offense.  The trial court deferred sentencing to
prepare a presentence investigation report (APSI@).[2]

Just under three months after
pleading guilty but before sentencing, Gonzalez filed a motion to withdraw his
guilty plea alleging that the PSI contained multiple instances where he had
recanted his guilty plea and affirmatively denied his guilt for the instant
offense.  He contended that his guilty
plea should be withdrawn and a new trial granted because his assertions were
inconsistent with his guilty plea.  At a
hearing on his motion, Gonzalez testified (1) that he wanted to withdraw his
plea of guilty and (2) that he was ready for a jury trial.  The trial court took judicial notice of the
PSI and denied his motion to withdraw his guilty plea.  The trial court subsequently found Gonzalez
guilty and sentenced him to twenty-five years= confinement.








In his sole point, Gonzalez
argues that the trial court abused its discretion by denying his motion to
withdraw his guilty plea.  He contends
that his plea of guilty and judicial confession were not freely, knowingly, and
voluntarily entered, that he did not understand the consequences of his plea,
and that he was denied due process and a fair trial under both the United States
and Texas constitutions.

A defendant may withdraw his
guilty plea as a matter of right without assigning reason at any time before
judgment has been pronounced or the case has been taken under advisement.  Jackson v. State, 590 S.W.2d 514, 515
(Tex. Crim. App. 1979).  However, if a
defendant decides to withdraw his guilty plea after the trial court takes the
case under advisement or pronounces judgment, the withdrawal of the plea is
within the sound discretion of the trial court. 
Id.; Labib v. State, 239 S.W.3d 322, 331 (Tex. App.CHouston [1st Dist.] 2007, no pet.). 
Once the judge has admonished the accused and accepted his or her plea,
passing the case for a PSI constitutes Ataking the case under advisement.@  Crumpton v. State, 179
S.W.3d 722, 724 n.2 (Tex. App.CFort Worth 2005, pet. ref=d); Watson v. State, 974 S.W.2d 763, 765 (Tex. App.CSan Antonio 1998, pet. ref=d).








Here, Gonzalez signed the
written plea admonishments and a judicial confession on February 20, 2007, and
the trial court deferred sentencing for preparation of a PSI.  Gonzalez filed his motion to withdraw his
guilty plea on May 14, 2007, almost three months later.  Because the trial court had already taken the
case under advisement when Gonzalez filed his motion to withdraw his guilty
plea, we review the trial court=s denial of Gonzalez=s motion under an abuse of discretion standard.  See Jackson, 590 S.W.2d at 515; Watson,
974 S.W.2d at 765.

In determining whether the
trial court abused its discretion, we must uphold the trial court=s ruling if it is reasonably supported by the record and is correct
under any theory of law applicable to the case. 
Carrasco v. State, 154 S.W.3d 127, 129 (Tex. Crim. App.
2005).  An abuse of discretion is shown
only when the trial court=s ruling
lies outside the Azone of
reasonable disagreement.@  Montgomery v. State, 810 S.W.2d 372,
391 (Tex. Crim. App. 1990).








A guilty plea must be made
knowingly and voluntarily before it can meet the statutory and constitutional
requirements and be accepted.  See
Tex. Code Crim. Proc. Ann. art.
26.13(b) (Vernon Supp. 2007). When the trial court has admonished the defendant
concerning the possible range of punishment for the crime for which he stands
accused, there is a prima facie showing that the plea was made knowingly and
voluntarily.  Martinez v. State,
981 S.W.2d 195, 197 (Tex. Crim. App. 1998). 
The burden then shifts to the defendant to show that he was harmed
because he did not fully understand the consequences of his plea.  Id.; Crumpton, 179 S.W.3d at
724. 








Although there is no reporter=s record of the plea proceeding, evidence of Gonzalez=s plea is in the clerk=s record.  See Tex. Code Crim. Proc. Ann. art.
26.13(d) (permitting the trial court to admonish defendant orally or in
writing); Scott v. State, 86 S.W.3d 374, 375 (Tex. App.CFort Worth 2002, no pet.) (relying on evidence in the clerk=s record to address voluntariness of appellant=s plea); Cutrer v. State, 995 S.W.2d 703, 706 (Tex. App.CTexarkana 1999, pet. ref=d) (holding prima facie evidence of voluntary and knowing plea is
presented where defendant was properly admonished in writing).  The record reflects that Gonzalez signed
written plea admonishments indicating that he is able to read the English
language and that he fully understood the written plea admonishments; that he
was aware of the consequences of his plea; that he was waiving the attendance
and record of a court reporter; that he entered his plea knowingly, freely, and
voluntarily; and that no one threatened, coerced, forced, persuaded, or
promised anything in exchange for his plea. 
The presiding judge signed the written plea admonishments, which state
that the trial court gave Gonzalez the admonishments set forth therein, that it
found him to be mentally competent, and that his plea was intelligently,
freely, and voluntarily given.  Gonzalez
also acknowledged in his signed written plea admonishments for sex offender
registration requirements that he freely and voluntarily entered his plea of
guilty.  This evidence is sufficient to
establish a prima facie showing that Gonzalez=s plea of guilty was entered knowingly and voluntarily.  See Martinez, 981 S.W.2d at 197.  Gonzalez consequently had the burden of
showing harm due to his failure to fully understand the consequences of his
plea.  See id.; Crumpton,
179 S.W.3d at 724.








As the basis for his
arguments that he should have been allowed to withdraw his guilty plea because
he entered his plea involuntarily, the plea is untrue, and he was denied due
process, Gonzalez merely contends that there was ample evidence of the
repudiation of his judicial confession prior to sentencing.  Gonzalez is apparently referencing his
statements in the PSI.  The PSI, however,
is not part of the appellate record.  In
order for a complaint to be properly considered, the record must be complete on
the issue urged.  McQueen v. State,
702 S.W.2d 302, 303 (Tex. App.CHouston [1st Dist.] 1985, no writ). 
Oddly, although Gonzalez=s argument relies on his statements contained in PSI, he does not
include a discussion or recitation of the specific contentions contained in the
PSI where he allegedly professed his innocence. 
Gonzalez also does not raise any contention regarding the PSI=s absence from the record, nor does the record reflect any attempt to
supplement the record with the PSI. 
Having failed to bring forth the PSI as part of the appellate record,
Gonzalez=s arguments relying on his statements in the PSI (which are not
included in his own brief) present nothing for our review.[3]








Gonzalez testified briefly at
the hearing on his motion to withdraw his guilty plea, but he stated only that
he wanted to withdraw his plea of guilty and that he was ready for a jury
trial.  Gonzalez directs us to no
evidence showing that he did not understand the consequences of his plea or
that he did not enter his plea knowingly and voluntarily, and we have found
none after examining the entire record.[4]  Accordingly, we hold that the trial court did
not abuse its discretion by denying his motion to withdraw his plea of
guilty.  See Crumpton, 179 S.W.3d
at 725 (holding that trial court did not abuse its discretion by refusing
appellant=s request to
withdraw guilty plea); Grant v. State, 172 S.W.3d 98, 100 (Tex. App.CTexarkana 2005, no pet) (same); Dean v. State, Nos.
02-02-0087-CR, 02-02-0089-CR, 2003 WL 21940898, at *3 (Tex. App.CFort Worth Aug. 14, 2003, pet. ref=d) (mem. op.) (not designated for publication) (same).  We overrule Gonzalez=s sole point and affirm the trial court=s judgment.

 

PER CURIAM

PANEL F: 
HOLMAN, J.; CAYCE, C.J.; and LIVINGSTON, J.

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

DELIVERED: 
March 20, 2008











[1]See Tex. R.
App. P. 47.4.





[2]There is no reporter=s record of Gonzalez=s plea proceeding.





[3]See
Fuller v. State, No. 14-96-00958-CR, 1998 WL 239611, at *1 (Tex.
App.CHouston
[14th Dist.] May 14, 1998, pet. ref=d) (not designated for
publication) (AFuller
failed to bring forward the pre-sentence investigation the trial court relied
upon prior to sentencing him.  Therefore,
he presents nothing for review.@); Tagle v. State, No.
13-97-00193-CR, 1997 WL 33644287, at *3 (Tex. App.CCorpus
Christi Dec. 30, 1997, no pet.) (not designated for publication) (AAppellant
has failed to make the pre-sentence investigation part of the appellate record,
so we are unable to confirm whether the pre-sentence investigation supported
the State=s
comment that Appellant had been on probation before and had failed to
report.  The record must demonstrate
requisite facts entitling the defendant to relief.@); Gibson
v. State, No. 01-95-01046-CR, 1996 WL 580513, at *2 (Tex. App.CHouston
[1st Dist.] Oct. 10, 1996, pet. ref=d) (not designated for
publication) (A[A]ppellant
has not brought forth the presentence investigation report . . . .
[A]ppellant brings nothing for review.@).





[4]Like
his appellate brief, Gonzalez=s motion to withdraw his
guilty plea states that he desired to withdraw his plea because there were
multiple instances in his PSI where he had recanted his plea of guilty.  But there is no evidence contained therein or
attached thereto either detailing how or why his plea of guilty was not made
knowingly and voluntarily.