

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-07-241-CR

RICHARD GONZALEZ                                    APPELLANT

V.

THE STATE OF TEXAS                                       STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Richard Gonzalez appeals his conviction for aggravated sexual assault of a child under fourteen years of age. In a single point, Gonzalez argues that the trial court abused its discretion by denying his motion to withdraw his guilty plea. We will affirm.

---

[1] *See* TEX. R. APP. P. 47.4.

The grand jury indicted Gonzalez for multiple sexual offenses involving a child. With a venire panel waiting outside of the courtroom anticipating the commencement of voir dire, Gonzalez decided to enter an open plea of guilty to a single count of aggravated sexual assault of a child. He signed written plea admonishments, including admonishments for sex offender registration requirements. Gonzalez also signed a judicial confession admitting his guilt for the offense. The trial court deferred sentencing to prepare a presentence investigation report ("PSI").[2]

Just under three months after pleading guilty but before sentencing, Gonzalez filed a motion to withdraw his guilty plea alleging that the PSI contained multiple instances where he had recanted his guilty plea and affirmatively denied his guilt for the instant offense. He contended that his guilty plea should be withdrawn and a new trial granted because his assertions were inconsistent with his guilty plea. At a hearing on his motion, Gonzalez testified (1) that he wanted to withdraw his plea of guilty and (2) that he was ready for a jury trial. The trial court took judicial notice of the PSI and denied his motion to withdraw his guilty plea. The trial court subsequently found Gonzalez guilty and sentenced him to twenty-five years' confinement.

---

[2] There is no reporter's record of Gonzalez's plea proceeding.

In his sole point, Gonzalez argues that the trial court abused its discretion by denying his motion to withdraw his guilty plea. He contends that his plea of guilty and judicial confession were not freely, knowingly, and voluntarily entered, that he did not understand the consequences of his plea, and that he was denied due process and a fair trial under both the United States and Texas constitutions.

A defendant may withdraw his guilty plea as a matter of right without assigning reason at any time before judgment has been pronounced or the case has been taken under advisement. *Jackson v. State*, 590 S.W.2d 514, 515 (Tex. Crim. App. 1979). However, if a defendant decides to withdraw his guilty plea after the trial court takes the case under advisement or pronounces judgment, the withdrawal of the plea is within the sound discretion of the trial court. *Id.*; *Labib v. State*, 239 S.W.3d 322, 331 (Tex. App.—Houston [1st Dist.] 2007, no pet.). Once the judge has admonished the accused and accepted his or her plea, passing the case for a PSI constitutes "taking the case under advisement." *Crumpton v. State*, 179 S.W.3d 722, 724 n.2 (Tex. App.—Fort Worth 2005, pet. ref'd); *Watson v. State*, 974 S.W.2d 763, 765 (Tex. App.—San Antonio 1998, pet. ref'd).

Here, Gonzalez signed the written plea admonishments and a judicial confession on February 20, 2007, and the trial court deferred sentencing for

preparation of a PSI.  Gonzalez filed his motion to withdraw his guilty plea on May 14, 2007, almost three months later.  Because the trial court had already taken the case under advisement when Gonzalez filed his motion to withdraw his guilty plea, we review the trial court's denial of Gonzalez's motion under an abuse of discretion standard.  *See Jackson*, 590 S.W.2d at 515; *Watson*, 974 S.W.2d at 765.

In determining whether the trial court abused its discretion, we must uphold the trial court's ruling if it is reasonably supported by the record and is correct under any theory of law applicable to the case.  *Carrasco v. State*, 154 S.W.3d 127, 129 (Tex. Crim. App. 2005).  An abuse of discretion is shown only when the trial court's ruling lies outside the "zone of reasonable disagreement." *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990).

A guilty plea must be made knowingly and voluntarily before it can meet the statutory and constitutional requirements and be accepted.  *See* TEX. CODE CRIM. PROC. ANN. art. 26.13(b) (Vernon Supp. 2007). When the trial court has admonished the defendant concerning the possible range of punishment for the crime for which he stands accused, there is a prima facie showing that the plea was made knowingly and voluntarily. *Martinez v. State*, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998).  The burden then shifts to the defendant to show that

4

he was harmed because he did not fully understand the consequences of his plea. *Id.*; *Crumpton*, 179 S.W.3d at 724.

Although there is no reporter's record of the plea proceeding, evidence of Gonzalez's plea is in the clerk's record. *See* TEX. CODE CRIM. PROC. ANN. art. 26.13(d) (permitting the trial court to admonish defendant orally or in writing); *Scott v. State,* 86 S.W.3d 374, 375 (Tex. App.—Fort Worth 2002, no pet.) (relying on evidence in the clerk's record to address voluntariness of appellant's plea); *Cutrer v. State*, 995 S.W.2d 703, 706 (Tex. App.—Texarkana 1999, pet. ref'd) (holding prima facie evidence of voluntary and knowing plea is presented where defendant was properly admonished in writing). The record reflects that Gonzalez signed written plea admonishments indicating that he is able to read the English language and that he fully understood the written plea admonishments; that he was aware of the consequences of his plea; that he was waiving the attendance and record of a court reporter; that he entered his plea knowingly, freely, and voluntarily; and that no one threatened, coerced, forced, persuaded, or promised anything in exchange for his plea. The presiding judge signed the written plea admonishments, which state that the trial court gave Gonzalez the admonishments set forth therein, that it found him to be mentally competent, and that his plea was intelligently, freely, and voluntarily given. Gonzalez also acknowledged in his signed written plea admonishments

5

for sex offender registration requirements that he freely and voluntarily entered his plea of guilty. This evidence is sufficient to establish a prima facie showing that Gonzalez's plea of guilty was entered knowingly and voluntarily. *See Martinez*, 981 S.W.2d at 197. Gonzalez consequently had the burden of showing harm due to his failure to fully understand the consequences of his plea. *See id*.; *Crumpton*, 179 S.W.3d at 724.

As the basis for his arguments that he should have been allowed to withdraw his guilty plea because he entered his plea involuntarily, the plea is untrue, and he was denied due process, Gonzalez merely contends that there was ample evidence of the repudiation of his judicial confession prior to sentencing. Gonzalez is apparently referencing his statements in the PSI. The PSI, however, is not part of the appellate record. In order for a complaint to be properly considered, the record must be complete on the issue urged. *McQueen v. State*, 702 S.W.2d 302, 303 (Tex. App.—Houston [1st Dist.] 1985, no writ). Oddly, although Gonzalez's argument relies on his statements contained in PSI, he does not include a discussion or recitation of the specific contentions contained in the PSI where he allegedly professed his innocence. Gonzalez also does not raise any contention regarding the PSI's absence from the record, nor does the record reflect any attempt to supplement the record with the PSI. Having failed to bring forth the PSI as part of the appellate

6

record, Gonzalez's arguments relying on his statements in the PSI (which are not included in his own brief) present nothing for our review.[3]

Gonzalez testified briefly at the hearing on his motion to withdraw his guilty plea, but he stated only that he wanted to withdraw his plea of guilty and that he was ready for a jury trial. Gonzalez directs us to no evidence showing that he did not understand the consequences of his plea or that he did not enter his plea knowingly and voluntarily, and we have found none after examining the entire record.[4] Accordingly, we hold that the trial court did not abuse its

---

[3] *See Fuller v. State,* No. 14-96-00958-CR, 1998 WL 239611, at *1 (Tex. App.—Houston [14th Dist.] May 14, 1998, pet. ref'd) (not designated for publication) ("Fuller failed to bring forward the pre-sentence investigation the trial court relied upon prior to sentencing him. Therefore, he presents nothing for review."); *Tagle v. State,* No. 13-97-00193-CR, 1997 WL 33644287, at *3 (Tex. App.—Corpus Christi Dec. 30, 1997, no pet.) (not designated for publication) ("Appellant has failed to make the pre-sentence investigation part of the appellate record, so we are unable to confirm whether the pre-sentence investigation supported the State's comment that Appellant had been on probation before and had failed to report. The record must demonstrate requisite facts entitling the defendant to relief."); *Gibson v. State*, No. 01-95-01046-CR, 1996 WL 580513, at *2 (Tex. App.—Houston [1st Dist.] Oct. 10, 1996, pet. ref'd) (not designated for publication) ("[A]ppellant has not brought forth the presentence investigation report . . . . [A]ppellant brings nothing for review.").

[4] Like his appellate brief, Gonzalez's motion to withdraw his guilty plea states that he desired to withdraw his plea because there were multiple instances in his PSI where he had recanted his plea of guilty. But there is no evidence contained therein or attached thereto either detailing how or why his plea of guilty was not made knowingly and voluntarily.

7

discretion by denying his motion to withdraw his plea of guilty.  *See Crumpton,* 179 S.W.3d at 725 (holding that trial court did not abuse its discretion by refusing appellant's request to withdraw guilty plea); *Grant v. State,* 172 S.W.3d 98, 100 (Tex. App.—Texarkana 2005, no pet) (same); *Dean v. State*, Nos. 02-02-0087-CR, 02-02-0089-CR, 2003 WL 21940898, at *3 (Tex. App.—Fort Worth Aug. 14, 2003, pet. ref'd) (mem. op.) (not designated for publication) (same).  We overrule Gonzalez's sole point and affirm the trial court's judgment.

PER CURIAM

PANEL F:  HOLMAN, J.; CAYCE, C.J.; and LIVINGSTON, J.

DO NOT PUBLISH
TEX. R. APP. P. 47.2(b)

DELIVERED:  March 20, 2008

8